Frank W. Blaisdell, Appellant, *v.* Hettie Kern Dean, Owner, and David P. Guise, Contractor.

*Mechanic's lien—Separate stipulation against liens—Practice, C. P.*

A separate stipulation in the shape of an original document which furnishes notice to all subcontractors of the existence and terms of the stipulation against liens contained in a building contract, and further explicitly stating that the stipulation filed was executed before work was authorized to commence under the contract, fulfils all that is required by the spirit of the Act of June 26, 1895, P. L. 369, and a lien filed by a subcontractor in face of such a document of record will be stricken off.

The better practice however would be not simply to recite in the separate stipulation that the original contract contains a clause providing that no

liens shall be filed, but to execute a separate and distinct agreement with the provisions repeated so that the separate stipulation may comply with the strict letter of the statute.

Argued Feb. 16, 1899. Appeal, No. 18, Feb. T., 1899, by plaintiff, from judgment of C. P. Lycoming Co., Sept. T., 1898, No. 360, striking off mechanic's lien. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Rule to strike off mechanic's lien. Before METZGER, P. J.

It appears from the record that plaintiff, a subcontractor, filed a lien against a house owned by Hettie K. Dean for $320, and built by David P. Guise, contractor, the contract having been entered into on January 10, 1897. On February 13, 1897, the following stipulation was entered into between the owner and contractor and filed in the court of common pleas to No. 10, March term, 1897, M. L. D.

" Be it remembered that David P. Guise, of Williamsport, Lycoming county, Pa., of the one part, and Hettie Kern Dean, of the same place, of the other part, have this 10th day of February, A. D. 1897, under their hands and seals, entered into a written contract for the erection and completion by the said David P. Guise, for the consideration therein named, for the said Hettie Kern Dean, a two-story brick dwelling house upon a lot of land situate in Vallamont, in the township of Loyalsock, county and state aforesaid, being the northwest corner of Campbell street and Glenwood avenue, as shown upon the general plan of said Vallamont, and that said contract contains the following covenant against filing of record in said court mechanic's lien or liens against said dwelling and lot, viz : ' It is expressly covenanted and agreed by and between the parties hereto, that no mechanic's lien or liens shall be entered against said building and lot by the said contractor or subcontractors, material men or laborers, for work and labor done or material furnished upon and to said dwelling or on the credit thereof; and that all subcontractors, material men and laborers on said work shall look to and hold the said contractor personally liable for all subcontracts, work and labor done and materials furnished on said work.' That said contract, together with said stipulation

against the filing of mechanic's liens contained therein was entered into and was executed by the parties hereto before work was authorized to commence or proceed under the said contract.

" In witness whereof we have hereunto set our hands and seals this 10th day of February, A. D. 1897.

" D. P. GUISE. (Seal)
" HETTY KERN DEAN. (Seal)

" Filed and entered this 12th day of February, A. D. 1897.
" CHAS. B. VANDINE,
" Prothonotary."

The owner moved to strike off the lien on the ground that the contract contained a covenant against filing liens. The rule was made absolute in an opinion by METZGER, P. J., as follows :

The stipulation filed in the court of common pleas to No. 10, March term, 1897, is in our judgment a compliance with the act of assembly of June 26, 1895. It is an original paper signed by both parties, and their signatures are undisputed, and the mere fact that it is copied from the covenants contained in the contract cannot change the character of the instrument. It is difficult for us to discover any reason for filing more than this stipulation. It gives the information and notice intended by the act, and is therefore a substantial compliance with its provisions. Therefore, now, to wit: November 12, 1898, the rule to strike off the mechanic's lien in this case is made absolute.

Plaintiff appealed.

*Error assigned* was making absolute rule to strike off mechanic's lien.

*Max L. Mitchell*, for appellant.—The object of the Act of June 26, 1895, P. L. 369, was to give information as well as notice, and recording part of the contract is not compliance with the act as it does not enable subcontractors to inspect the whole instrument.

A deed recorded in the proper office but deficiently acknowledged is not notice within the acts : Heister v. Fortner, 2 Binn. 40. See also Friedley v. Hamilton, 17 S. & R. 70.

Constructive notice from facts is a conclusion of law, which can be drawn only from facts actually within the knowledge of

the party, and never from those of which he had only construc-
tive notice, else we should have construction on construction,
and inference on inference, without beginning or end : Simon
v. Brown, 3 Yeates, 186 ; Heister v. Fortner, 2 Binn. 40.

*James B. Krause,* for appellee.—The stipulation is before this
court and speaks for itself.　It is an original agreement, or, in
the language of the act, a stipulation, separately signed and
sealed by the parties.　It gives notice in no unmistakable terms
of all that is required to put subcontractors, material men and
laborers on their guard, to wit :

1. A building contract was entered into, when, and by whom.
2. The kind of building and its exact location.
3. The covenant against entering of mechanics' liens.

The entering of the entire building contract itself could not
have given more explicit notice or information to a prudent
subcontractor, material man, or laborer.　It is not always desir-
able for owners and builders to disclose their private affairs and
such nonessentials of the building contract as are not necessary
to give the notice of covenants against liens required by law,
and hence the law wisely permits the filing of a separate stipu-
lation.

Prior to the said act of 1895, if a building contract contained
a covenant against entering mechanics' liens, it was sufficient
to deprive subcontractors of their right to lien the building, and
actual notice of such covenant by the owner was not required,
upon the principle that the subcontractor must conform to the
original contract in all matters, as the representative of the
builder, and is bound to know the particulars of the contract.
See Schroeder v. Galland, 134 Pa. 277, Benedict v. Hood, 134
Pa. 289, and Morris v. Ross, 184 Pa. 241.

OPINION BY WILLIAM W. PORTER, March 23, 1899 :

The Act of June 26, 1895, P. L. 369, provides that the owner
of property may protect himself against the filing of a mechanic's
lien by a contractor, or by any subcontractor, under a contract
to build, by filing with the prothonotary the written contract
in which it has been agreed that no lien shall be filed, or by filing
a written stipulation, separate and apart from the contract.　In
the present case the owner entered into a written contract for

the erection of a building, in which contract was contained a stipulation that no liens should be filed.    He did not file with the prothonotary the whole contract, but a separate writing, signed and sealed by him and by the contractor.    In the latter the original contract is recited to have been executed and to contain the necessary agreement against liens.    By the stipulation it was further agreed that the contract together with the stipulation was executed before work was authorized to commence under the contract.

It will be observed that this separate stipulation is an original document, and not a copy.    It furnishes record notice to all subcontractors of the existence and terms of the stipulation against liens contained in the original contract.    It gives to them all the information contemplated by the act.    It thus fulfils all that is required by the spirit of the act.    The lien, filed by the subcontractor in the face of such a document of record, was properly stricken off.

We are led to observe further, however, that the better practice in such a case would be not simply to recite in the separate stipulation that the original contract contains a clause providing that no liens shall be filed, but to execute a separate and distinct agreement, with the provision repeated so that the separate stipulation may comply with the strict letter of the statute. For the reasons above given, we affirm the judgment of the court below, in this case.

Judgment affirmed.