# Phelps *v.* Burns.

*Mechanic's lien—Contract—Stipulation against liens—filing of contract in prothonotary's office—Act of June 26, 1895, P. L.* 369.

An original building contract filed with the prothonotary on the day after its date, and containing a stipulation that "no lien shall be filed against the building either by the contractor or subcontractors, nor by any of the material men or workmen," will prevent the filing of liens, although the written document filed does not show that the stipulation against liens was executed prior to the giving of authority to proceed with the work.

The provision of the Act of June 26, 1895, P. L. 369, which requires that the stipulation against liens shall be written and executed prior to the giving of authority to the contractor to proceed with the work, applies only to the case of the filing of a separate stipulation.

It seems that it is better practice to introduce a clause even in the original contract to show that the stipulation against liens was made before authority to do the work was given.

Argued Jan. 16, 1901. Appeal, No. 39, Jan. T., 1901, by plaintiff, from order of C. P. Luzerne Co., Jan. T., 1900, No. 30, Mechanic's Lien No. 316, Docket No. 15, making absolute rule to strike off mechanic's lien in case of Phelps, Straw & Co. v. J. P. Burns, owner or reputed owner, and E. D. Fogel, Contractor. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to strike off mechanic's lien.

From the record it appeared that on July 27, 1899, E. D. Fogel entered into a contract in writing with Joseph P. Burns to erect for him a brick dwelling in the city of Wilkes-Barre. The contract contained a stipulation that "no lien shall be filed against the building either by the contractor or subcontractors nor by any of the material men or workmen." The contract was filed of record in the prothonotary's office on July 28, 1899. The materials for which plaintiffs filed a lien were delivered between December 2, 1899 and February 5, 1900.

The court made absolute the order to strike off the lien.

*Error assigned* was the order of the court.

*Edmund G. Butler*, with him *A. L. Williams*, for appellants. —The act of 1895 is in derogation of the common law, as it

avoids the mechanic's lien law and abridges the common-law right of contract, and so it must be strictly construed and strictly pursued: Long v. Caffrey, 93 Pa. 526; Schroeder v. Galland, 134 Pa. 277; Riddle's App., 104 Pa. 171; East Union Twp. v. Ryan, 86 Pa. 459.

*A. C. Campbell,* with him *Frank P. Slattery,* for appellees, cited: Blaisdell v. Dean, 9 Pa. Superior Ct. 639; Morris v. Ross, 184 Pa. 243; Commonwealth Title Ins. & Trust Co. v. Ellis, 192 Pa. 321; Getty v. Morris, 194 Pa. 571.

OPINION BY WILLIAM W. PORTER, J., February 14, 1901:

The Act of June 26, 1895, P. L. 369, enables the owner of property to protect himself against mechanics' liens either by filing with the prothonotary the written contract for the building, containing a stipulation that no lien shall be filed, or by filing such a written stipulation executed separately from the contract: Blaisdell v. Dean, 9 Pa. Superior Ct. 639. Here, the original building contract dated July 27, 1899, was filed the following day with the prothonotary and contained this provision: "No lien shall be filed against the building either by the contractor or subcontractors nor by any of the material men or workmen." It thus appears that the original contract containing an adequate stipulation against liens was filed with the prothonotary within the time required by the act.

The appellant urges that the written document filed should on its face show that the stipulation against liens was executed prior to the giving of authority to proceed with the work. The act contemplates, as we have seen, the filing either of the original contract or of a separate stipulation. Some of the legislative requirements apply to both courses of action. But the provision which requires that the stipulation against liens shall be written and executed prior to the giving of authority to the contractor to proceed with the work, applies only to the case of the filing of a separate stipulation. Here, the contract itself was filed, and no recital of the fact that it was executed prior to the time of the giving of authority to proceed with the work was needed. Furthermore, on the face of the contract as filed, it appears that at its date the obligations were first assumed to pay the price and to do the work contracted to be done.

We do not say that the introduction of a clause, even in the original contract, showing that the stipulation against liens was made before authority to do the work was given, would not make a better record, but we are not prepared to sustain a lien confronted by a covenant clear in its terms and filed pursuant to the stipulation of the act of assembly.

The order is affirmed.