## Cutter, Appellant, *v.* Pierson.

*Mechanic's lien—Building contract—Stipulation against lien—Filing contract in prothonotary's office—Wrong date—Evidence—Parol evidence—Notice. —Act of June 26, 1895, P. L. 369.*

Where a building contract containing a stipulation against liens bears the date of October 3, and is filed on October 19, parol evidence is admissible to show that in truth and in fact the contract was not executed until October 18. The fact that the contract bore a date more than ten days before the filing in the prothonotary's office, is sufficient to put all persons on inquiry as to the true date of execution.

*Appeals—Assignments of error—Evidence—Instructions.*

Assignments of error to rulings on evidence to which no exceptions have been taken will not be considered.

An assignment of error to the answer of the court to any inquiry made by the jury after the charge had been completed, and the jury had retired, will not be considered where it appears that the assignment was not based on an exception.

Argued May 17, 1904. Appeal, No. 53, April T., 1904, by plaintiff, from judgment of C. P. Crawford Co., May T., 1900, No. 52, on verdict for defendant in case of W. A. Cutter et al., trading as George H. Cutter & Brother v. Eliza J. Pierson, Owner, and W. I. Adsit, Contractor. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, JJ. Affirmed.

Scire facias sur mechanic's lien. Before THOMAS, P. J.

The facts are stated in the opinion of the Supreme Court.

After the jury had retired they returned and one of the jurymen asked the court this question:

Juror: Has the contractor a right to order material before the contract is signed without her permission?

The Court: No, sir. If he did, he did it at his own risk, and the people who furnished it in pursuance of his unauthorized beginning on his own part would not thereby acquire the

right of a lien unless she ratified it. The law provides that unless she authorized the contractor to begin before the signing of the contract, that contract will be good, containing the stipulation against liens, unless she authorized him so to do. If she authorized him to begin, the stipulation against liens would not be binding; if he begun on his own responsibility it would not bind her.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were to various rulings on evidence, to various instructions, and to the answer to the juror's question as above.

*Otto Kohler,* for appellants.—A stipulation against liens which is filed within the period of ten days will not avail the owner when it appears the date of the execution of the stipulation is subsequent to the date of the original contract: Bushee v. Watres, 10 Kulp, 554.

It is the duty of a plaintiff to see that his judgment is rightly entered: Wood v. Reynolds, 7 W. & S. 406.

And likewise the duty of the owner to see that the contract is properly recorded: Gordon v. Fulmer, 21 Pa. C. C. R. 93.

*Thomas Roddy,* with him *George F. Davenport,* for appellee.

OPINION BY MORRISON, J., July 28, 1904:

This was an issue joined on a scire facias sur mechanic's lien, and the trial before the court and the jury resulted in a verdict in favor of the defendants, and judgment being entered thereon the plaintiffs appealed. We find in this record fourteen assignments of error, and an examination of them leads us to the conclusion that the only important question for consideration may be stated in substance thus: The contract on its face purporting to have been executed on October 3, 1897, and filed in the prothonotary's office on October 19, 1897, was the court justified in permitting evidence tending to show that the contract was in fact not signed and executed until October 18, 1897. Upon this question the evidence tended very strongly to show that the date of the contract was a mistake and that in truth and fact it was not executed by Mrs. Pierson till the

18th day of October. The tenth assignment of error raises this question squarely, to wit: "That if the jury shall find from the evidence that the contract between W. L. Adsit, the contractor, and Mrs. Eliza J. Pierson, although dated on the 3d day of October, 1897, was not executed until the 18th day of October, and filed on the 19th day of October in the office of the prothonotory of the court of common pleas of Crawford county, that in such case the contract was filed in due time, to wit: within ten days of the time of its execution. Answer, this point is affirmed."

The eleventh assignment is as follows: " That by the pleadings in this case and the issue framed thereunder, the plaintiffs having claimed the right to a lien under and by virtue of the written contract as filed, if the jury shall find from the evidence that the contract was executed and filed within ten days of its execution, and that it contained a stipulation against filing of liens by subcontractors and materialmen, then in such case the plaintiff is not entitled to recover and their verdict should be for the defendant. Answer, this point is affirmed, unless you should find from the evidence that Mrs. Pierson authorized the contractor to begin work before the signing and execution of the contract."

The contract in question contained proper covenants against mechanics' liens as to contractor, subcontractor, materialmen and other persons, and the stipulation against subcontractors, etc., was contained in the original contract. In Phelps v. Burns, 16 Pa. Superior Ct. 391, we held: "The appellant urges that the written document filed should on its face show that the stipulation against liens was executed prior to the giving of authority to proceed with the work. The act contemplates, as we have seen, the filing either of the original contract or of a separate stipulation. Some of the legislative requirements apply to both courses of action. But' the provision which requires that the stipulation against liens shall be written and executed prior to the giving of authority to the contractor to proceed with the work, applies only to the case of the filing of a separate stipulation. Here, the contract itself was filed, and no recital of the fact that it was executed prior to the time of the giving of authority to proceed with the work was needed. Furthermore, on the face of the contract

as filed, it appears that at its date the obligations were first assumed to pay the price and do the work contracted to be done."

The above ruling is in strict accordance with the Act of June 26, 1895, P. L. 369. Therefore, the learned court gave more favorable instructions to the jury in answer to defendant's sixth point than they were entitled to, because the covenant against liens by the subcontractor and materialman was contained in the original contract, and, therefore, the burden did not rest on the defendant to show that the contract was signed and executed before the giving of authority to the contractor to begin the work. See also Blaisdell v. Dean, Owner, and Guise, Contractor, 9 Pa. Superior Ct. 639.

The principal contention in the present case is that the court erred in permitting the defendants to show that the date of the execution of the contract against liens was other than the date appearing on its face. "As a general proposition the actual date of a contract may be shown by parol." Meaning of course the date when it was actually executed: Jones on Evidence, section 443. In Parke v. Neeley, 90 Pa. 52, it is held, "That the date of a mortgage as it appears on the registry thereof is not to be conclusively taken to be the date or time of its execution, and parol evidence is admissible to show, that in point of fact, it was subsequently executed and delivered." This rule was based upon the fact that there was enough on the face of the papers to put the purchaser at a sheriff's sale upon inquiry and visit him with notice, and, that there was no error in admitting parol evidence to prove the actual date of delivery. The circumstances which appeared on the face of the papers in that case, held to be sufficient to put the purchaser at sheriff's sale upon inquiry, were very slight. In our opinion the same doctrine must be applied to the contract in the present case. It purported to have been executed on October 3d, but the evidence tended strongly to show that it was not executed until October 18th and it was filed in the prothonotary's office on October 19th.

Now, the circumstance which ought to have put the plaintiffs on inquiry was that this contract manifestly made under the act of 1895 to protect the property against liens purported to have been signed and executed more than ten days before it

was filed. And this, if true, would render it nugatory under said act, for the very purpose for which it was prepared and filed. These plaintiffs were visited with notice that a contract was on file in the prothonotary's office and it contained a covenant against mechanics' liens either by contractor, subcontractor or materialmen. In our opinion the plaintiffs were put on inquiry to ascertain the true date of this contract for the reason it was apparent that it had not been filed in time to be effective if it was signed on October 3d. The owner resided in the city of Meadville, near where the plaintiffs were engaged in business, and when they seek to impose upon her property the burden of an obligation which ought to have been paid by another, it is not too much, we think, to say that they ought to have inquired in regard to this contract. We have examined the charge with care, and think the learned court submitted the case to the jury in the most favorable light for the plaintiffs in view of all the facts and circumstances shown in the evidence. Manifestly the jury found that the contract was not signed and delivered until October the 18th, and being filed in the proper office on the next day, we think it furnishes a complete defense against the plaintiffs' claim.

In our opinion it is not a material question whether the owner gave the contractor permission to begin the work before the contract was executed. But conceding the law to be otherwise, then the plaintiff has no ground of complaint, because the learned court over and over again, in the charge, told the jury that the plaintiffs might recover if the owner consented to the contractor beginning the construction of the house before the contract was executed. This question was submitted to the jury very favorably for the plaintiff, and by finding in favor of the defendants they must have found that no such consent or authority was given by the owner to the contractor.

All of the material constituting the plaintiff's claim except $2.50 worth, was furnished after the contract against liens was on file and indexed in the prothonotary's office. If the plaintiffs had shown or offered to show that they made inquiry of the defendant in regard to the date of the contract, and the fact that it had not been filed for more than ten days after its apparent execution, and they had been informed that it was

executed on October 3d, they would stand in a much better position and would be entitled to claim they were misled by the defendant. It must be assumed that they knew of this contract or were bound to know of it, and if they saw fit to assume that the date on the face of the contract fixed the time of its signing so that it could not be explained or the true date shown, then they do not stand in a very good position to complain when it is shown that in fact the contract was not signed till October 18th.

The second and third assignments relate to the ruling of the court upon offers of evidence. But these rulings were not excepted to, and therefore these assignments cannot be considered.

The fourteenth assignment is in regard to the answer of the court to an inquiry made by the jury, after the charge had been completed and the jury had retired. This assignment does not appear to be based on an exception. In addition to this we are unable to see that the plaintiffs have any just ground of complaint in regard to the instruction given by the court to the jury in answer to their inquiry. In fact we consider the answer more favorable to the plaintiff than the law warranted.

In our opinion the questions raised by the several assignments of error do not convict the court of any serious or reversible error, and therefore the assignments are all dismissed and the judgment is affirmed, at the costs of the appellants.

RICE, P. J., and PORTER, J., dissent.