## Kyle, Appellant, *v.* Graham.

*Mechanics' liens—Building contract—Stipulation against liens—Acts of June 4, 1901, P. L. 431, and April 24, 1903, P. L. 297—Waiver.*

1. Under the Act of April 24, 1903, P. L. 297, a stipulation against liens may be created by a contract subsequent to the original building contract provided that the subsequent contract was filed in the prothonotary's court prior to the commencement of the work on the ground, or within ten days after the execution of the principal contract; and such a contract may be effective if filed in the prothonotary's office, although the original contract was not filed.

2. An agreement between a contractor and a builder containing a stipulation against mechanics' liens by anyone, filed in the prothonotary's office, is in no way affected, in so far as it prevents subcontractors from filing liens, by a subsequent agreement entered into between the owner and the contractor, giving to the latter a conditional and qualified right of lien to secure payment only of the contract price.

3. The act relating to the filing in the prothonotary's office of a contract containing a stipulation against mechanics' liens does not require a description of the property to be set forth in the contract. Where a subcontractor has filed his lien describing the property in detail both as to location of land and description of buildings, he will not be heard to object that the property was not sufficiently described in the contract.

4. Sections 17 and 19 of the Act of June 4, 1901, P. L. 431, apply to cases in which there has been no contract in which it was provided that no lien should be filed.

5. Where a subcontractor in a scire facias sur mechanic's lien avers that the owner and contractor filed a stipulation against mechanics' liens in the prothonotary's office, and on the following day entered into an agreement by which the contractor was given the right of lien to secure payment of the contract price, but without in other ways affecting the stipulations previously filed, and it is averred on information and belief that the second contract was made to defraud subcontractors, and this averment is denied by the owner, the court has no authority to enter judgment against the owner on the whole record under sec. 52 of the Act of June 4, 1901, P. L. 431.

Argued Nov. 25, 1910.   Appeal, No. 234, Oct. T., 1910, by plaintiff, from judgment of C. P. Delaware Co., June Term, 1909, No. 12, M. L. D., for defendant non obstante veredicto in case of George Kyle v. John W. Graham,

owner, or reputed owner, and W. S. Van Asdlen, contractor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Scire facias sur mechanic's lien.

At the trial the jury returned a verdict for plaintiff for $390.55.   Subsequently the court entered judgment for defendant n. o. v., JOHNSON, P. J., filing the following opinion:

Verdict for plaintiff under direction of the court.   Motion for new trial and motion for judgment notwithstanding verdict.   This is a suit on a mechanic's lien.   The plaintiff is a subcontractor.   No question is raised as to the regularity of the lien, or to the amount due on it, providing the plaintiff is entitled to recover at all.

On September 30, 1908, John W. Graham, who was the owner of a tract of land in Springfield township, entered into a contract with W. S. Van Asdlen to build him a dwelling house.

On October 7, 1908, the said Graham and Van Asdlen entered into the following agreement: "Whereas on the 30th day of September, 1908, an agreement was entered into between the parties hereto whereby the party of the first part contracted to build a dwelling for the party of the second part in Springfield Township, Delaware County, Pennsylvania, on Baltimore Pike near Swarthmore, for the sum of Sixteen thousand Dollars.

"Now this agreement witnesseth, that the party of the first part for and in consideration of the sum of One Dollar, the receipt whereof is hereby acknowledged, and the further consideration mentioned in the agreement aforesaid, does hereby covenant, promise and agree to and with the party of the second part that no liens shall be filed against the property of the said party of the second part for any work or materials furnished for the erection of said building either by the party of the first part as principal contractor or by any subcontractor, in accordance

with the Act of Assembly of April 24th, 1903, P. L. 297, Sec. 1."

On the following day, October 8, this agreement was duly filed in the office of the prothonotary of the court of common pleas of Delaware county, No. 22, September Term, 1908.

October 8, 1908, after the filing of the above agreement the following agreement was entered into: "Whereas on the Seventh day of October, 1908, the above parties entered into an agreement that no mechanics' liens should be filed by the said W. S. Van Asdlen, principal contractor, or any subcontractor under him, upon the premises about to be erected for the said John W. Graham.

"And Whereas upon reconsideration the said John W. Graham is willing to grant to the said W. S. Van Asdlen the right to file a lien himself upon said premises should he comply in all respects with his agreement of September 30th, 1908, to erect said house according to the plans and specifications, but not to extend this right to subcontractors.

"Now this agreement witnesseth, that for and in consideration of the sum of One Dollar and other good and valuable considerations to him in hand paid by the said W. S. Van Asdlen, the said John W. Graham hereby agrees that if the said W. S. Van Asdlen shall erect said dwelling for the said John W. Graham in full compliance with the plans and specifications set forth in the agreement of September 30, 1908, and shall not be paid therefor in accordance with said agreement by the said John W. Graham, that then and in such case the said W. S. Van Asdlen shall have the right to file a lien against said premises for any unpaid balance of said contract price notwithstanding the agreement against liens this day filed.

"It is further understood, however, that this agreement shall not affect subcontractors nor interfere with the agreement on file in relation to them."

On September 9, 1909, this agreement was filed in the office of said prothonotary as of No. 460, June Term, 1909.

The contract of September 30, 1908, was not filed in the prothonotary's office.

About October 15, 1909, the contractor Van Asdlen began work under the contract and about February 1, 1909, made an agreement with the plaintiff to furnish material, flooring, wainscoting, etc., for the building.

The value of the material thus furnished was $368.48.

On March 19, 1909, the contractor Van Asdlen was discharged on account of his failure to comply with his contract, and the owner Graham finished the building.

On June 26, 1909, within the statutory period, the plaintiff filed this lien and on September 20, 1909, issued a scire facias.

After an affidavit of defense and replication had been filed a rule for judgment on the whole record was taken, which rule was by the court discharged on November 15, 1909.

April 21, 1910, the case was called for trial when the trial judge gave binding instructions to the jury to find a verdict for the plaintiff for the sum of $390.95, the amount admitted to be due in case the plaintiff was entitled to recover.

The defendant John W. Graham now asks for judgment notwithstanding the verdict on the ground that by the agreement of October 7, 1908, the owner and contractors agreed that no liens should be filed against the building and invokes as his protection the first section of the Act of assembly of April 24, 1903, P. L. 297, which is an amendment of sec. 15 of the Act of June 4, 1901, P. L. 431.

There is no longer any question in this state but that the owner and contractor may contract that no liens shall be filed against the building about to be erected and if they do so contract and the contract is duly filed in the office of the prothonotary of the court of common pleas within ten days from the date of the original contract for the erection of the building, neither contractor nor subcontractors have the right of lien.

Under the facts of this case is the agreement of Octo-

ber 7, 1908, recorded October 8 a protection against the lien of this subcontractor?

In terms, expressive of the purpose of the parties to prohibit the right of lien it is sufficient. But the plaintiff contends that this effect should not be given to it for various reasons.

First: That under the act of 1903 above referred to, the stipulation against liens must be in the original contract.

In this case the stipulation was not in the original contract of September 30, but in the subsequent contract of October 7.

We do not so construe this act. It not only does not say that the stipulation must be in the original contract, but by its terms plainly conveys the idea that it need not be.

It says "the right to file a claim may be waived by agreement between the claimant and the party with whom he contracts, or by any conduct which operates to equitably estop the claimant. . . . If the legal effect of the contract between the owner and the contractor is that no claim shall be filed by anyone, such provision shall be binding."

It then provides, that a duly written and signed contract to that effect filed in the office of the prothonotary of the court of common pleas of the county where the structure or other improvement is situate prior to the commencement of the work on the ground or within ten days after the execution of the principal contract, shall be evidence to a subcontractor of this fact.

It would thus seem that a separate contract may be filed as was done in this case. Plaintiff further suggests that because of the agreement of October 8, 1908, allowing Van Asdlen to file a lien for any balance due him providing he should carry out the contract of September 30, the stipulation in the agreement of October 7 is invalid.

It was strenuously argued that the right of the subcontractor to file a lien arose out of the right of the contractor to do so, and though the stipulation in the agreement of

October 7 did deprive the plaintiff of his right of lien, the contract of October 8, giving the contractor the right under certain circumstances, in effect abrogated the agreement of October 7 and that the owner granting to the contractor the conditional right to enter a lien gave to the plaintiff the right to file his lien.

This made a favorable impression upon us at the time of the argument, though no authority was cited directly in support of it and we were then inclined to the view that a waiver of the stipulation in such a contract by the owner in favor of the contractor had the effect of being a waiver in favor of the subcontractor too.  But a clause in the act of assembly of 1903 providing for the stipulation against the right to file liens says in relation to such stipulations that "The only admissible evidence that such a provision has, notwithstanding its filing, been waived in favor of the claimant, shall be a written agreement to that effect signed by all those who under the contract are interested antagonistically to the claimant's allegation."

There was no written agreement offered in evidence to this effect.  Indeed the only written agreement offered alluding to a waiver was the agreement of October 8, out of which, it is argued, the waiver arises.  It specifically sets forth that it "shall not affect subcontractors nor interfere with the agreement on file in relation to them."

This would seem to dispose of this objection against plaintiff's view.

Plaintiff further contends that the description of the structure and its location is so defectively set forth in the contract of October 7 that it does not deprive him of his right to file a lien.

The statute in no way mentions what shall be set forth in the contract stipulation against the right to file liens in the way of description or location of the premises.

The paper of October 7 sets forth that an agreement has been entered into to build a dwelling in Springfield township, Delaware county, Pa., on Baltimore Pike near Swarthmore, and the agreement of September 30 describes

the property as a stone residence on property of owner, situate in Springfield township, Delaware county, Pa., on Baltimore Pike near Swarthmore, Delaware county, Pa., as shown on drawing and described, etc.

Not a very definite description. But as the statute requires none and as the plaintiff appears to have been able to locate it (for he not only delivered his material on the ground, but when he filed his lien described the property in detail both as to location of land and description of buildings) we are forced to the conclusion that there is nothing in the defective description or location that will avail the plaintiff.

Plaintiff also contends that under the admitted facts the stipulation is void as to him under secs. 17, 18 and 52 of the Act of assembly of June 4, 1901, P. L. 431.

His contention is, that secs. 17 and 19 apply to cases covered by sec. 15 amended to the act of 1903 and that these sections show that notwithstanding the contract of October 7, 1908, is clear as to prohibition against filing liens still under the facts of this case the provisions of secs. 17 and 19 apply and that the stipulation is void as to him.

In this we do not agree with him, but are of the opinion that secs. 17 and 19 apply to cases in which there has been no contract in which it was provided that no liens should be filed.

Plaintiff further contends that he is not bound by the contract of October 7, 1908, because of the fraudulent acts and conduct of Graham, the owner, and Van Asdlen, the contractor, in relation to the contract of October 7 and October 8, 1908.

On the trial of the case the plaintiff offered in evidence the record of the case and referred to the pleadings, affidavit of defense and replication in the proceedings in which judgment was asked for the defendant on the whole record.

The affidavit of defense set up the contract of October 7 stipulating that "no liens should be filed."

The plaintiff answered that the paper of October 7 was not the only paper affecting the rights of the parties, but there was on file in the prothonotary's office, the contract of October 8, which would show that the defendant was not entitled to judgment.

The court held that it could not consider the paper of October 8, it being no part of the record, and refused judgment.

In a replication which the plaintiff filed in answer to the affidavit of defense he sets forth that "he is informed and believes and expects to be able to prove that the contract embodying both of said agreements (Oct. 7 and Oct. 8, 1908) was not made in good faith, but was entered into for the purpose of misleading and so defrauding subcontractor and material men including deponent, and he therefore avers that it should be held invalid because of such fraud."

On the trial the plaintiff offered this in evidence as conclusive of fraud and cited in support of this contention the fifty-second section of the act of 1901, alleging that it had not been denied.

Section 52d relates to rules for judgment on the whole record and, inter alia, provides "the facts averred by either party and not denied in the answer or replication of the other shall be taken as true in all subsequent proceedings in the cause without the necessity for proof thereof, unless amended as herein set forth."

The defendant then presented a petition under the fifty-first section of this act and asking leave to amend by filing an answer to the supplemental replication averring fraud.

Leave of the court was granted and an answer was filed denying the averment of fraud in the supplemental replication filed by plaintiff.

It is very doubtful whether without the denial the supplemental replication would sustain plaintiff's contention.

The act says the facts averred and not denied shall be taken as true. It is doubtful if one saying he is "informed

14        KYLE, Appellant, *v.* GRAHAM.

Opinion of Court below—Opinion of the Court.   [46 Pa. Superior Ct.

and believes and expects to be able to prove" is the aver-
ring of a fact within the meaning of this act.

There being no other proof of fraud, this contention of
the plaintiff is not sustained on this ground.

This disposes of all the objections made to the contract
of October 7, 1908, providing that no liens should be filed,
and as we are of the opinion that this is a valid contract
between the owner and contractor, and that by its terms
it prohibits the filing of liens against this building, the
defendant is entitled to judgment notwithstanding the
verdict.

It is therefore ordered that judgment be entered in
favor of the defendant and against the plaintiff notwith-
standing the verdict.

*Error assigned* was the judgment of the court.

*Lewis Lawrence Smith,* with him *John B. Miller, Buck-
man & Buckman* and *Thomas O. Peirce,* for appellants.

*V. Gilpin Robinson,* with him *E. Edgar Barnes* and
*Morton Z. Paul,* for appellee.

OPINION BY HEAD, J., March 3, 1911:

The plaintiff asserts his right to enforce a mechanic's lien
against the defendant owner for the price of material which
he furnished in the spring of 1909 to a certain building then
being constructed for the owner by Van Asdlen, a con-
tractor.   The material was furnished at the instance of the
contractor and delivered in the early part of February.   The
owner had entered into a written contract with Van Asdlen
in the fall of 1908 for the construction of this building.
The contract was dated on September 30 and contained
no provision on the subject of mechanics' liens.   On Octo-
ber 7, following, an additional contract in writing was en-
tered into between the owner and contractor by the terms
of which the latter covenanted, promised and agreed "that
no liens shall be filed against the property of the said party

of the second part for any work or materials furnished for the erection of said dwelling, either by the party of the first part as principal contractor or by any subcontractor, in accordance with the Act of Assembly of April 24, 1903, P. L. 297, sec. 1." This contract or stipulation was filed in the office of the prothonotary within ten days after the execution of the principal contract and some months before any material was furnished by the plaintiff. If it became effective according to its terms, and if the protection thereby secured to the owner was not afterwards forfeited or waived by him in favor of the present plaintiff, the latter could not, in the face of that stipulation, successfully assert the right to maintain a lien against the defendant's property.

The able counsel for the appellant attacks the validity and effectiveness of this contract to bar the plaintiff's right on a number of grounds. All of his objections have been considered and disposed of in the opinion filed by the learned court below entering judgment for the defendant. Except as to one of the several objections urged we have not thought it necessary to attempt to elaborate the reasons which are stated in that opinion supporting the conclusion there reached.

Having thus in the manner indicated taken the steps theretofore recognized by the law as sufficient to protect his property from a mechanic's lien, either by the general contractor or any subcontractor under him, has the defendant lost the right to claim the benefit of that protection by reason of his subsequent arrangement with the general contractor to which we shall now advert?

On October 8, the day following the execution of the contract last referred to, and after it had been duly filed in the prothonotary's office, the defendant entered into another written stipulation with his general contractor. This paper was not filed and did not become public until perhaps a year later, long after the plaintiff subcontractor had furnished the material for which he now seeks a lien. This paper recited the previous contract between the par-

ties providing that no mechanic's lien should be entered by any one and the filing thereof in the prothonotary's office. It then went on to state that upon a reconsideration of the situation of the general contractor, the owner was willing, upon the happening of certain conditions therein specified, to permit him to file a lien "for any unpaid balance of the said contract price;" or, in other words, to waive the protection theretofore provided, in favor of the general contractor to the extent of permitting him to secure himself against nonpayment of the contract price. The paper went on to expressly declare "It is further understood, however, that this agreement shall not affect subcontractors nor interfere with the agreement on file in relation to them." It is urged upon us that the execution of this paper practically destroyed what had been accomplished by making and filing the agreement of the day before because the right of a subcontractor to file a lien is a necessary incident of the like right of the general contractor. Inasmuch therefore as the agreement of October 8 restored to the general contractor a right of lien, albeit conditional and only to secure the contract price, it is argued that the right of the subcontractor was thereby revived and that the first contract became inoperative.

The soundness of this position is to be tested by ascertaining the intention of the legislature as declared in sec. 15 of the Act of June 4, 1901, P. L. 431, as amended by the later Act of April 24, 1903, P. L. 297. By the former act the legislature, as it in terms declared, intended to "furnish a complete and exclusive system in itself so far as relates to liens for labor or material commenced to be furnished after its approval." Long before the adoption of this act the right of an owner to make an agreement with his general contractor to prevent the filing of any liens was recognized both by the courts and the legislature, and it was held that such agreement was effective not only as against the general contractor who signed it, but also as against subcontractors.

Section 15 of the act of 1901 first declares "The right to

file a claim may be waived by agreement between the claimant and the party with whom he contracts." From this it is apparent that the right of any particular claimant is not necessarily bound up with the rights of all those in his class so that all must stand or fall with any one of them. This provision makes no distinction between the general contractor and the subcontractor. If either saw fit to waive his right to file a claim, such waiver would not necessarily disturb the right of the other; and so amongst subcontractors, it could not be successfully argued, that because one had waived his right to file a claim the rights of the others were thereby impaired or affected.

The section then proceeds to deal with the situation where a contract on the subject of liens has been entered into between the owner and contractor and declares, "If the legal effect of the contract between the owner and the contractor is that no claim shall be filed by any one, such provision shall be binding." Having concluded that the learned judge below was right in dismissing all other objections to the validity of the agreement entered into on October 7 and filed, we must still further conclude that when that agreement was filed it was binding not only on the general contractor but on every subcontractor who might thereafter, at his instance, furnish material or perform labor in or about the building.

The section then goes on to provide that in order to be binding upon a subcontractor, either actual notice of the agreement must be brought home to him or the contract must be filed in the office of the prothonotary of the county where the structure is situate "prior to the commencement of the work upon the ground or within ten days after the execution of the principal contract." When this provision has been complied with, as it was in this case, the subcontractor is visited with at least constructive notice of its terms. But notwithstanding the fact that a valid and effective provision against the filing of any liens had thus been made, the statute then clearly recognizes that such protection may be waived in favor of any particular claim-

ant and declares in terms what shall be the evidence of such a waiver. There is nothing at all in this portion of the section to indicate any legislative intent that if the owner saw fit to waive the general protection against liens—which he had secured in the manner previously provided—in favor of one claimant, he would thereby lose it as to all others. On the contrary, it seems to us that the fair construction of the language used leads to the conclusion that it was within the legislative intent that the owner, who had secured protection against all, might, at his option, release it or waive it in favor of one and yet insist upon its benefits as against all other claimants. The section declares: "The only admissible evidence that such a provision (a binding provision against the filing of claims by any one) has, notwithstanding its filing, been waived in favor of the claimant, shall be a written agreement to that effect, signed by all those who, under the contract, are interested antagonistically to the claimant's allegation." The waiver contemplated must be in favor of "the claimant," that is the particular claimant in any given case. Mere proof that there had been a waiver in favor of some other claimant surely would not satisfy the demand of the statute.

As we have said, a study of this entire section leads to the conclusion that the owner may enter into a contract with the general contractor to the effect that no lien shall be filed by any one and that such an agreement is binding on every subcontractor. Further, that although all subcontractors stand alike in the absence of such a contract, any one of them may for himself waive his own right of lien without affecting that of others in his class. And conversely, that when by the operation of such a contract all subcontractors have been shut out from the right of lien, the owner may, in favor of one of them, waive or surrender the protection thus secured without destroying his right to claim it against all others. It may be urged this construction of the language of the statute may result at times in a situation where one of a number of mechanics or

material men can file a lien when the right is denied to all others. Even if this be true it does not follow that any injustice would be done to those excluded. The preference they are ordinarily permitted to enjoy they owe entirely to the liberality of the statute. When the same statute declares that under designated conditions, of which they must have notice before they part with their property, this preference shall not exist, on what ground can this favored class justly complain?

It seems to us therefore that the learned court below was correct in holding that the plaintiff's right to maintain a lien and have a judgment in the action of scire facias begun thereon was barred by the agreement of October 7, duly filed in the prothonotary's office, and that this right was not revived or restored by the subsequent arrangement entered into between the owner and contractor, giving to the latter a conditional and qualified right of lien to secure payment only of the contract price. The assignments of error are therefore overruled.

Judgment affirmed.