## Hunter's Estate.

*Elmer A. Schroeder, Paul V. Neall, Harold D. Saylor* and *Lamberton & Moffett,* for exceptants.

*William M. Boenning,* contra.

VAN DUSEN, J., Dec. 7, 1928.—It was objected to the claim of the executors of Edward H. Burr that it did not appear on the face of the papers that the $5000, represented by Welsh's notes, was advanced to promote his career as a concert pianist, which was the purpose specified in the agreement which decedent signed. The attorney who brought all three parties together, drew the papers and supervised the expenditure of the money, and who was in an excellent position to know the facts, testified that "The money was actually paid by Burr and expended on my direction in the furtherance of Hunter Welsh's musical career;" that most of the money was paid out for one specific purpose, which he described, and that (whatever the dates on the papers) no money was advanced until decedent's agreement was signed, or agreed to be signed. This latter testimony explained the confusion resulting from the fact that an agreement between Welsh and Burr, dated in January, spoke of money advanced and to be advanced, that three of the four notes bore that date, and yet decedent's agreement was dated in February.

Evidence outside of the writings was necessary to connect the notes with decedent's agreement, and what was offered did this without contradicting the writings except in correlating the relative dates of the advances and the agreement. This is admissible: Hewes *v.* Taylor, 70 Pa. 387; Cutter *v.* Pierson, 26 Pa. Superior Ct. 10; Davis *v.* Cauffiel, 287 Pa. 420. It was consistent with both of the two possible constructions of the decedent's agreements, as referring to past and future advances, or only to future advances, for it established that they were all future advances.

The same testimony showed that Burr accepted decedent's promise, for he acted on it.

The exceptions are dismissed and the adjudication is confirmed absolutely.