## Bethlehem Fabricators, Inc., v. Sisters of Mercy et al.

*J. Q. Creveling,* for plaintiff.

*Neil Chrisman, James M. Stack* and *James L. Morris,* for defendant.

COUGHLIN, J., May 13, 1930.—A mechanic's lien was filed by the Bethlehem Fabricators, Inc., against the Society of the Sisters of Mercy of Wilkes-Barre, a corporation, owner, and Shepherd Construction Company, a corporation, contractor, for the sum of $3359.42, with interest from Sept. 5, 1928. Scire facias sur mechanic's lien subsequently issued and an affidavit of defense was properly filed by the Society of the Sisters of Mercy, one of the defendants above named.

The defendant admits in said affidavit that there was due and owing to the plaintiff by the Shepherd Construction Company the sum of $3359.42, as averred by plaintiff, but avers that the principal contractor, Shepherd Construction Company, was duly adjudicated a bankrupt Sept. 10, 1928, in which proceedings the plaintiff filed its proof of claim in the sum of $21,959.42, which amount included the said sum of $3359.42, and that said plaintiff did receive a first and final dividend thereon, amounting to $149.09. If this is true, a deduction from the claim would be proper.

Defendant denies, however, that the sum of $3359.42, with interest from Sept. 5, 1928, is chargeable against the defendant's property by reason of filed stipulations against liens.

Defendant avers that on or about July 16, 1928, it entered into a written contract with the Shepherd Construction Company, contractor, for the erection of a building in accordance with drawings and specifications, and that the contract contained, *inter alia,* a provision wherein it was stipulated that no lien should be filed against the building by the contractor or subcontractor, nor by any of the materialmen or workmen. It is not averred, however, that said contract was filed of record, nor does it appear that the same was done; hence, said stipulation was ineffective in estopping lien of plaintiff contractor.

Defendant, however, further avers that it did enter into a separate written agreement or stipulation with the Shepherd Construction Company, defendant contractor, wherein it was agreed that no lien should be filed against the building referred to in plaintiff's statement of claim by the contractor or by

any subcontractor, or by any of the materialmen or workmen, or by any other person, for any labor or materials furnished for the erection of said building, the right to file such liens being expressly waived. This written agreement was filed and indexed in the judgment index on July 26, 1928, in the Prothonotary's Office of Luzerne County, Pa., to No. 69, October Term, 1928, M. L. D.

Defendant avers that the building was commenced on the ground by the principal contractor, said Shepherd Construction Company, on or about July 17, 1928, and that the written contract between contractor and plaintiff subcontractor was entered into July 17, 1928. The materials thereunder are admitted by plaintiff to have been furnished July 24, 1928.

Since the contract between the Shepherd Construction Company and defendant owner is alleged in the affidavit of defense to have been entered into July 16, 1928, and the stipulation against liens filed on July 26th, it would defeat the subcontractor's right to file a lien if said stipulation was in accordance with the law.

However, the date appearing in the stipulation agreement, a copy of which is attached to defendants' affidavit of defense, was July 9, 1928. Therefore, plaintiff contends it must have been executed on that date, and since it contains the clause: "Now, July 9, 1928, at the time of and immediately before the execution of the principal contract, and before any authority has been given by the said Sisters of Mercy Society .............., it is agreed that no lien shall be filed against the building by the contractor or any subcontractor, nor by any of the materialmen," etc., the principal contract must have been dated July 9, 1928, and, hence, the stipulation filed July 26th was filed too late. Plaintiff brings the question before the court on a rule for judgment for want of sufficient affidavit of defense.

Plaintiff contends that the affidavit of defense discloses the contract to have been entered into July 9th, and, hence, is insufficient to prevent judgment. The quotation aforesaid from the stipulation supports plaintiff's contention. If the contract was entered into July 16th the affidavit of defense is effective and would prevent summary judgment. The date of the contract, a copy of which is attached to the affidavit of defense, is July 16th, and supports defendants' contention.

The requirement of the law, section 1 of the Act of April 24, 1903, P. L. 297, amending section 15 of the Act of June 4, 1901, P. L. 431, is that such a stipulation shall be filed within ten days after the execution of the principal contract. We do not see how, therefore, summary judgment can be entered against the defendant owner as long as the stipulation against liens was filed on July 26th, and the affidavit of defense avers that the principal contract was entered into July 16th. At the trial it may develop that the plaintiff had the right to assume that July 9th was the date of the principal contract, but it may also develop that plaintiff had such notice as to place him on inquiry as to the date of the principal contract, since the statute provides for the filing within ten days thereafter: Cutter v. Pierson, 26 Pa. Superior Ct. 10.

Assuming, as we must, that the claimant is entitled to file its lien against the building, unless met by a valid waiver filed of record, is there anything alleged in the affidavit of defense which requires submission to a jury? The validity of the stipulation against liens is the only question involved, and one question raised by the exceptions is, that it was not filed in time, and this depends upon a question of fact, which should be submitted to a jury.

Another exception taken to the stipulation is, that it does not sufficiently describe the property or building against which the lien is filed. The descrip-

tion in the stipulation, standing by itself, is somewhat meager. It is as follows: "A three-story dormitory building on a lot of land, situate at Dallas, Pa." Dallas is a country town of a small number of inhabitants, where the Sisters of Mercy have a college, whose property is well known, it being the only college there, and they being the only owners of realty in the town having a dormitory. While a contract containing a stipulation against a mechanic's lien filed in the prothonotary's office must contain such a description of the property as may be necessary for the purpose of identification, yet, whether in a particular instance the description meets the requirements of the statute is ordinarily a question for the jury: Cribbs *v.* McDowell, 48 Pa. Superior Ct. 39; Kyle *v.* Graham, 46 Pa. Superior Ct. 6, 11 (1911), affirming 11 Del. Co. Reps. 217. We do not feel that we should, as a matter of law, declare the description insufficient. Therefore, rule for judgment for want of sufficient affidavit of defense is denied.

From Frank P. Slattery, Wilkes-Barre, Pa.