[PHILADELPHIA, FEBRUARY 1ST, 1841.]

## SPRINGER *against* KEYSER and Another.

### IN ERROR.

In a claim filed under the Mechanics-Lien law a building was described as situate " on the west side of 13th street, between *Vine* and *James* streets, in the county of Phila-delphia, belonging, or said to belong to C. S." (the defendant). In point of fact the building was situate on the west side of 13th street between *Callowhill* and *James* streets. Callowhill street intervenes between Vine and James streets. *Held*, that the description was sufficiently certain ; the defendant having no other house in that street.

ERROR to the District Court for the City and County of · Philadel-phia.

. In the court below a claim was filed by Keyser & Longstreth, under the Mechanics-Lien law, on the 15th of July, 1834, against Charles Springer, for lumber and hauling, alleged to have been obtained for, and delivered upon the credit of a building, described as follows : " A certain two-story brick building, situate on the west side of 13th street, between *Vine* and *James* streets, in the county of Philadelphia, belonging, or said to belong to Charles Springer."

Annexed to the claim was the following bill :

" Philadelphia, July 15th, 1834.
Mr. Charles Springer to Keyser & Longstreth, Dr.
　To amount of sundry lumber, as per bill rendered,
　　up to April 25th, 1834,　　　　　　　　　$292 83."

Upon this claim a *scire facias* was issued against Charles Springer and terre-tenants. Upon the trial it was proved by the plaintiffs below, that the building in question was situate on the west side of 13th street, between *Callowhill* and *James* streets, and not between *Vine* and *James* streets, as stated in the claim. Callowhill street intervenes between Vine and James street.

(Springer *v.* Keyser.)

The court (STROUD, J.) charged the jury, that the description of the building in the claim was good and valid. The defendants excepted to this part of the charge; and the judge signed a bill of exceptions.

The following errors were assigned.

"1. Because the description of the property mentioned in the claim is too uncertain, vague and erroneous—it describing the building as being on the west side of 13th street, between Vine and James streets; when it is between Callowhill and James, on the west side.

2. Because there is no specification of the lumber alleged to have been furnished to the building; nor of the times when it was furnished.

3. Because the terre-tenants, who had no interest whatever in this suit are illegally made parties."

Mr. *Emlen* and Mr. *Norris,* for the plaintiff in error, cited *Harker* v. *Conrad,* (12 *Serg. & Rawle,* 301.)   *Pennock* v. *Hoover,* (5 *Rawle,* 291.)   *M'Donald* v. *Lindall,* (3 *Rawle,* 496.)   *Hills* v. *Elliott,* (16 *Serg. & Rawle,* 56.)

Mr. *Oakford,* contra.

PER CURIAM.—The description before us is just as certain as the description in *Harker* v. *Thorn.*   In that case the house was described as being between Twelfth and Thirteenth streets: in this, as being betwixt Vine and James streets; and at the trial it was proved to be betwixt Callowhill and James streets; but it was not disputed that it is also betwixt the streets mentioned in the claim.   In *Harker* v. *Thorn,* also, there was an intervening street called Quince street, (though that appears not in the report;) and the description was held to be certain enough.   It is sufficient that the owner appears not to have had any other house in the particular street; for the claim could be applied to no other; and the law requires no more than that the property be described with convenient certainty.   The other points have not been seriously pressed; nor were they even made below.

Judgment affirmed.