63     203
f 27 SC ¹524

# McClintock *et al.* versus Rush.

1. It is not necessary that the description in a mechanic's lien should be either full or precise: certainty to a common intent is the rule.

2. If there be enough in the description of the situation and other peculiarities of the building to identify it, the statute is satisfied.

3. The act contemplated that claimants should prepare their own papers, and unless the claim be totally defective in giving information to those making searches for encumbrances, such as will direct them to the right place, the question is for the jury on the scire facias.

4. The court cannot take cognisance of the circumstances of the neighborhood, this is necessary to decide such a question.

5. The date of a bill for materials "furnished within six months" was December 3d 1868, the time of filing: in the margin to the first item was June 9th, without any year; there was no date to any other item. *Held*, that this implied that all the materials were furnished June 9th 1868.

November 11th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No. 109, to October and November Term 1869.

[McClintock *v.* Rush.]

On the 3d of December 1868, Washington McClintock and A. J. Cochran filed a claim to secure a lien for materials "furnished within six months" against a building of which David Rush was the owner.

The claim as filed was "against the following described building, and so much of the ground covered by the same and immediately adjacent thereto, and belonging to the owner of the building, as may be necessary for the ordinary and useful purposes of said building, being a two-story frame house on Harrison street, 13th ward, Pittsburg, near Harrison's stone quarry, and fronting on Harrison street sixteen feet, and running back eighteen feet." After stating other requisite particulars, it contained the following:

"6. And said claimant hereto annexes a bill of particulars, showing the particular items, amounts and dates when said materials were furnished, and work and labor done, which bill of particulars is made part of this claim.

"7. The following description shows where the building is located, kind of building, number of stories, size of the building (width and length), and the lot of ground (as nearly described as may be), on which said building is erected, viz.: one two-story frame house on Harrison street, in the 13th ward, city of Pittsburg, above Captain Bunton's, near Harrison's stone quarry, fronting on Harrison street, and running back, preserving the same width, eighteen feet."

"BILL OF PARTICULARS.

Pittsburg, December 1st 1868.

Mr. David Rush,

Bought of McClintock & Cochran.

June 9.   7 pieces pine, 24 feet," &c.

A number of other items followed, directly under the above, but without any other date.   The whole amount of the claim was $107.52.

The property was afterwards sold under an execution out of the District Court.   The proceeds of sale being in that court for distribution, Thomas Biggerstaff, a lien-creditor subsequent to McClintock & Cochran, came into the Court of Common Pleas and obtained a rule to show cause why the mechanics' lien should not be stricken off, because "the claim, as filed, is irregular and defective, and does not sufficiently describe any property or lot on which the alleged building is situate."   The court made the rule absolute and struck off the lien.   To this order the plaintiffs took a writ of error.

*Howard & Shafer*, for plaintiffs in error.—The description was sufficient: Wigton's Appeal, 4 Casey 161; 2 Troubat & H. Pr. 434, 435; Springer *v.* Keyser, 6 Whart. 187; Shaffer *v.* Hull, 3

[McClintock v. Rush.]

Penna. L. J. 321; Nelson v. Campbell, 4 Casey 156; Pretz's Appeal, 11 Id. 349; Kennedy v. House, 5 Wright 39.

*T. Ewing,* for defendant in error.—The description is too indefinite: Washburn v. Russell, 1 Barr 499. The claim does not state the year in which the materials were furnished: Renker v. Hill, 3 Phila. Rep. 110; Ellice v. Paul, 2 Id. 102; Witman v. Walker, 9 W. & S. 186.

The opinion of the court was delivered, January 3d 1870, by

SHARSWOOD, J.—The first ground of objection to the claim filed in the court below is that it does not sufficiently describe "the locality of the building," as required by the twelfth section of the Act of June 16th 1836, Pamph. L. 698. It is not necessary that the description should be either full or precise. Certainty to a common intent is the rule. If there is enough in the description of the situation and other peculiarities of the building to identify it, the provision of the statute is satisfied. The claim in this case is quite as certain in this respect as any of those which were sustained in Harker v. Conrad, 12 S. & R. 301; Springer v. Keyser, 6 Whart. 187; Shaw v. Barnes, 5 Barr 18; Knabb's Appeal, 10 Barr 187, and Kennedy v. House, 5 Wright 39. There is a great reluctance to set aside a mechanic's claim merely for loose description. The act evidently contemplated that the claimants should prepare their own papers, and unless "the claim or statement of demand," as it is termed, is totally defective in giving information to purchasers and others making search for encumbrances, such as will direct them to the right place, the question as one of fact will be referred to the decision of the jury on the trial of the scire facias. The court cannot take judicial cognisance of the circumstances of the neighborhood, which is absolutely necessary to enable them to decide such a question: Kennedy v. House, 5 Wright 39.

Nor is the ground of the second objection that the time of furnishing the materials is not sufficiently set out, sustained. The time in the bill of particulars is not merely the date of the bill, as was the case in Witman v. Walker, 9 W. & S. 183. Besides that, there is "June 9" written in the margin opposite the items. It is true that the year is omitted, which was held to be a fatal defect in Rehrer v. Zeigler, 3 W. & S. 258. But it does not appear by the report of that decision that it was averred in the body of the claim, as it is in this case, that the lumber was furnished within six months past. Reckoning backwards, from December 3d 1868, when the claim was filed, that clearly ascertains the date of furnishing the materials in the bill to be June 9th 1868. All that is required is such certainty as will enable those interested to discover during what period the ma-

terials were delivered or the work done so as to individuate the transaction: Calhoun *v.* Mahon, 2 Harris 56.   " It has been more than once said we must not be hypercritical when scanning this species of lien and estimating its sufficiency:" Per Bell, J.

Judgment reversed, and *procedendo* awarded.