# Cribbs *v.* McDowell, Appellant.

*Mechanics' liens—Building contract—Provision against filing liens—Description of property.*

1. A building contract containing a stipulation against liens filed in the prothonotary's office must contain such a description of the property as may be necessary for the purpose of identification. Whether in a particular instance the description meets the requirements of the statute, is ordinarily a question for the jury.

2. A building contract containing a stipulation against liens described the property as being in a particular ward of a city on the west side of Clearview street. It gave the name of an adjoining owner, and a reference to the page of the city atlas where a plot of it could be seen. It also gave notice of the size of the lot, the form and character of the buildings to be erected, and the name of the architect who designed them. It appeared that Clearview had been the name of the street, but that the name had been changed to Chislett street. The street was, however, at the date of the contract popularly known as Clearview, and it did not appear that there was any other street named Clearview in the ward. *Held*, in an action on a scire facias sur mechanic's lien, filed by a subcontractor, that the question of the sufficiency of the description was for the jury.

Argued April 11, 1911. Appeal, No. 28, April T., 1911, by W. A. Roberts, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 382, on verdict for plaintiff in case of Hyatt M. Cribbs and Elizabeth A. Cribbs, doing business as John R. Cribbs & Son, v. A. McDowell, doing business as A. McDowell & Company, contractor, and W. A. Roberts, owner or reputed owner. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Scire facias sur mechanic's lien. Before DAVIS, J.

The opinion of the Superior Court states the facts.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,381.84. W. A. Roberts appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*William Strite McDowell*, with him *L. K.* and *S. G. Porter*, for appellant.—The description was sufficient: Burger v. Moss Cigar Co., 225 Pa. 400; Cutter v. Pierson, 26 Pa. Superior Ct. 10; Roos v. Connell, 7 Kulp, 113.

*John P. Hunter*, of *Lyon & Hunter*, for appellee.—The description was misleading: Banks v. Ammon, 27 Pa. 172; Gordon v. Fulmer, 21 Pa. C. C. Rep. 93.

OPINION BY HENDERSON, J., October 9, 1911:

The plaintiffs were subcontractors under A. McDowell who had a contract with W. A. Roberts, the owner of the premises, for the erection of three brick veneer dwelling houses. The plaintiffs furnished the lumber used in the construction of one of the houses with the exception of the stair work and mantels. The contractor having failed to pay, a mechanic's lien was filed against the property by the plaintiffs. The claim is resisted on the ground that in the contract between the owner and McDowell it was stipulated that neither the contractor nor any subcontractor or material man should file a mechanic's lien for work or labor done or material furnished to any of the buildings covered by the contract, the right to file such a lien being expressly waived by the contract. This contract was duly filed in the office of the prothonotary of the county and is set up as a defense to the plaintiffs' claim. It is held by the latter to be ineffective, however, for the reason that the property is incorrectly described in the contract and, therefore, did not give notice to the plaintiffs. The inaccuracy referred to is that the property is described as located on Clearview street, whereas it in fact is on Chislett street in the nineteenth ward of the city of Pittsburg. The fifteenth section of the Act of June 4, 1901, P. L. 431, provides that the right to file a claim may be waived by agreement between the claimant and the party with whom he

contracts or by any conduct which operates to equitably estop the claimant. Where the waiver is by contract the only admissible evidence thereof as against a subcontractor is proof of actual notice thereof to him before any labor or materials are furnished by him, or proof that a duly written and signed contract to that effect has been filed in the office of the prothonotary of the court of common pleas of the county where the structure is situated. But the section does not declare what the character of the description of the property must be to bind the subcontractor. The contract must be filed in the proper office within the time fixed by the statute and when that is done all parties furnishing labor or material are charged with notice of its provisions and are bound by its terms. It is notice by the contractor that no claim can be filed and it need not be signed by the owner: Burger v. Cigar Co., 225 Pa. 400. It should contain such information or reference to such facts as would notify a subcontractor that the building for which he was about to furnish material was that to which the contract related and where the contract contains such a description of the property as is necessary to be set forth where a lien is filed it would be sufficient to put the subcontractor on notice. It would not be consistent with reason to hold that the notice to a subcontractor must contain a more definite and specific description of the property than is required in a mechanic's lien. But the statute does not prescribe the form in which the description shall be given. The eleventh section of the act requires "a description of the property against which the lien is claimed together with such a description of the structure or other improvement as may be necessary for the purpose of identification." Whether in a particular instance the description meets the requirements of the statute is ordinarily a question for the jury. If there is enough set forth as to the situation and other peculiarities of the building to identify it the demands of the statute are met. A description may doubtless be so indefinite or erroneous as to enable the court to say that it cannot

possibly identify the building and give notice to parties
interested. But a mistake in the description will not in-
validate if there still be enough to identify the property
and whether the description filed corresponds nearly
enough with the actual facts to identify the property must
ordinarily be referred to the jury: Kennedy et al. v. House,
41 Pa. 39; McClintock v. Rush, 63 Pa. 203. Even where
there is a loose description in the matter of locality courts
are reluctant to declare a claim invalid and the matter is
referred to a jury to determine whether the property is
substantially designated: Harker v. Conrad, 12 S. & R. 301;
Springer v. Keyser, 6 Whart. (Pa.) 187; Kennedy et al. v.
House, 41 Pa. 39. It was said in McClintock v. Rush that
the court cannot take judicial cognizance of the circum-
stances of the neighborhood, which is absolutely necessary
to enable them to decide such a question. There can be no
doubt that if the contract had described the owner's prop-
erty as being on Chislett street the defense would be good,
but it appears from the evidence that the street was form-
erly named Clearview street and that the owner's title was
bounded on that street in his deed. The name of the
street was changed about four years before the building
in question was erected and there is evidence that it was
known as Clearview street at the time when the contract
was made, notwithstanding the fact of the city ordinance
changing the name. The property is described in the con-
tract as being "on the west side of Clearview street in the
19th ward, Pittsburg, Pa., adjoining property of I. K.
McCaslin, as shown on the City Atlas, Vol. 2, Plate 26,
each house to be built on a lot having a frontage of 35 feet
and subject to the building line restrictions in the deed to
said Roberts, as shown on the drawings and described in
the specifications prepared by J. E. Obitz, of Pittsburg,
Pa., architect, which drawings and specifications are iden-
tified by the signatures of the parties hereto and become
hereby a part of this contract." The contract, therefore,
gave notice that the property to which it related was in a
particular ward on the west side of the street and also the

name of an adjoining owner and reference was made to the page of the city atlas where a plot of it could be seen. It also gave notice of the size of the lot, the form and character of the buildings to be erected and the name of the architect who designed them. It was not shown that there was any other street named Clearview in the nineteenth ward and we think that the accuracy of description in all other respects except the name of the street, when taken in connection with the evidence that the street was still popularly called "Clearview," made the question of the sufficiency of the description one of fact for the consideration of the jury. It is not a case where one of two innocent persons should bear the burden of a mistake. The proceeding is a statutory one and the parties must stand or fall by the statute. If the description is reasonably certain the plaintiffs cannot recover. If the appellant's property has not been sufficiently identified in the contract he must bear the burden of that defect and under the authorities cited. and the evidence presented the question of the sufficiency of the description should be referred to a jury.

The judgment is reversed and a v. f. d. n. awarded.