# May, Appellant, *v.* Mora.

*Mechanic's lien — Amendment — Description of building — Acts of June 4, 1901, P. L. 431, and April 17, 1905, P. L. 172.*

1. Where a mechanic's lien sets forth that it was "for work done and material furnished in and about the erection and construction of a two-story brick building and against the building and ground covered thereby," and the lien accurately describes the lot by adjoinders and distances, it is proper to allow an amendment setting forth that the two-story building was partly of stone and partly of brick roofed with slate, with plastered walls, certain kinds of floor, etc.

2. The statutes relating to the amendment of the descriptions of property in mechanic's liens are to be liberally construed in favor of the allowance of the amendment.

3. In construing the provisions of the mechanic's lien law of June 4, 1901, relating to amendments, the decisions under the earlier Act of June 16, 1836, P. L. 695, in reference to such amendments, are of the first importance.

Argued March 7, 1912. Appeal, No. 30, March T., 1912, by defendant, from order of C. P. Lackawanna Co., No. 3,991, of Mechanics' Liens, 1909, refusing amendment of mechanic's lien in case of Patrick F. May, Assigned to Stephen S. Spruks, v. Mary Mora. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Reversed.

Petition to amend mechanic's lien.

On November 13, 1909, the claimant "Patrick F. May, the contractor, of the City of Scranton, County of Lack'a, State of Pa." filed his claim, or statement of demand, for "Work done and materials furnished in and about the erection and construction of a two-story brick building and against the building and the ground covered thereby and so much other ground immediately adjacent thereto and belonging to the said Mary Mora as may be necessary for the ordinary and useful purposes of the same;" that the building is located on a lot or piece of ground situate in the borough of Old Forge. Bounded northwest by Albion street, north by lands of H. H. Winters, southeast by lot No. 4, being fifty feet in front and 150

in depth, conveyed to Mary Mora by E. M. Smith et ux. by deed, etc., recorded in Deed Book No. 106, p. 382, etc.

On November 1, 1911, the claimant presented his motion in writing duly verified by affidavit asking leave to amend the second paragraph of the claim so as to show in substance that the nature and kind of work done and the kind and amount of materials furnished were such work and materials as were necessary to build, etc., a certain building partly of stone and partly of brick and slate with plastered walls and wood partitions and floors of certain specified dimensions of length, breadth and height, with a particular description of the division of the house into rooms and of the materials in general of which the same were constructed, all in pursuance of an entire verbal contract between the claimant and Mary Mora for an agreed price and the payment of certain moneys on account thereof and that all thereof was done between certain specified dates, the last of which was less than six months previous to the time of the filing of the lien.

On December 11, 1911, the court denied the motion to amend and made absolute the rule to strike off the lien, particularly specifying, in the opinion then filed, that "The pinch of the case" was that the proposed amendment was within the statutory exception against "Substituting an entirely different property from that originally described in the claim," after the time for securing the lien had expired.

*Error assigned* was the order of the court.

*George D. Taylor,* for appellant.—Under the act of 1836 it was held by the Supreme Court that it was not mandatory that the lien should specify the size of the building or the number of stories, if there be such other matters of description, as shall be sufficient to identify the same: Shaw v. Barnes, 5 Pa. 18; Kennedy v. House, 41 Pa. 39; McClintock v. Rush, 63 Pa. 203; Linden Steel Co. v. Refining Co., 138 Pa. 10.

The statute of amendments is to be liberally construed: Dorlan v. Market Co., 19 W. N. C. 87; Florey v. Haverford College, 24 W. N. C. 372; Cook v. Neal, 6 Montg. County, 147; Kennedy v. House, 41 Pa. 39; McClintock v. Rush, 63 Pa. 203; Hoffmaster v. Knupp, 15 Pa. C. C. Rep. 140; Sinnott v. Beard, 14 Pa. Dist. Rep. 619.

*Clarence Balentine,* for appellee.

OPINION BY HEAD, J., July 18, 1912:

The fifty-first section of the act of 1901 in the following language conferred upon the present claimant the right to amend his lien and defined the limitations within which that right must be exercised: "Any claim . . . . may be amended from time to time . . . . by leave of the court, upon petition for that purpose, under oath. Such amendment shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that orignally described in the claim; but the description of the property may be amended so as to be made more accurate."

Section 11 of the act of April 17, 1905, provides that a mechanic's claim shall set forth, inter alia, "the locality of the structure, with such description thereof as may be necessary for the purpose of identification, and a description of the real estate on which the same is situate." It will be observed that the legislature does not attempt to prescribe the form of such description or the particularity which it must exhibit, save only by a statement of the object of it, viz.: "for the purpose of identification." Manifestly, this was for the protection of innocent purchasers, mortgagees or other like persons who, upon a search of the proper records, would be entitled to have notice of the lien against the property.

Where a description of a piece of land was found to be somewhat general in its terms, good conveyancers have ever deemed some description of the buildings or improve-

ments thereon as highly useful in aiding to identify the subject-matter of the grant or devise. In like manner, where the description of a structure, for instance, in a mechanic's lien, was somewhat general, an accurate description of the land on which it is situate would be of like importance in identifying the property. Where in such cases any dispute should arise as to the identity of the land or the structure, such question is usually one of fact to be determined by a jury under proper instructions from the court.

The old act of 1836, which for more than a half century prescribed the essentials of a good mechanic's lien, was substantially the same in respect to the description of the building and curtilage as the act of 1905, and the decisions under that act would necessarily be of the first importance in construing the later act in the respect indicated. In Kennedy v. House, 41 Pa. 39, Mr. Justice Strong, after quoting the requirement of the statute relating to the description of the building, says: "The object of this requisition, is to enable owners, and especially purchasers and encumbrancers, to identify the building, and to inform themselves of the liens against it. A claim is not necessarily void because it does not accurately describe the size of the building. If there be enough in the description of the locality, and other peculiarities of the building, to identify it, to point it out with reasonable certainty, with certainty to a common intent, the statutory requisition is sufficiently complied with. . . . Whether the description in the claim filed corresponds nearly enough with the actual facts to identify the property, must ordinarily be referred to the jury. The locality is obviously the most important. When that is fixed, other matters of description are of comparatively minor consequence. But even in regard to locality there is great reluctance to declare a claim invalid for mere loose description. Even in such cases, it is held that the jury are generally to determine whether the property is in truth designated." A number of earlier cases are there cited to support

the soundness of the doctrine enunciated. This language is quoted with approval by Mr. Justice SHARSWOOD in McClintock v. Rush, 63 Pa. 203, and in many later cases.

In Thirsk v. Evans, 211 Pa. 239, Mr. Justice ELKIN, referring to the fifty-first section of the act of 1901, above quoted, as to the right of amendment, says: "This provision of said act has not received interpretation by this court. It becomes necessary to consider it now. It will be noticed that the amendments shall be of right, saving intervening rights. There is no limitation as to the time of making amendments, and the reasonable presumption is the act intended that proper amendments can be made at any time during the existence of the lien or course of the trial." In Nagle v. Garrigues, 46 Pa. Superior Ct. 155, the owner had title to a city lot, which, at the time the structure was placed thereon, extended clear through from one street to another. This was made up of what had been formerly two lots, purchased by the owner at different times and under different conveyances. The earlier division line had been obliterated and the entire lot used as a single undivided property. When the building was erected, the entire lot, if properly described in the lien, would have been embraced in the curtilage. The claimant, in seeking a proper description, found but one of the two conveyances to the owner and used the description therein contained which embraced only about one-half of the lot as it existed on the ground. He thereafter sought to amend the description so as to include the entire curtilage. In affirming the court below in permitting such an amendment, we said: "Applying this doctrine, we repeat that when the lien in this case was originally filed the claimant might have lawfully embraced within his description the entire property as it was then used and occupied. If he then mistakenly described only a portion of the property appurtenant to the building, he may now by amendment describe the whole of it without any violation of the letter or spirit of the act of assembly which forbids him, under the circumstances here present, sub-

stituting an entirely different property from that originally described in the claim."

In the recent case of Cribbs v. McDowell, 48 Pa. Superior Ct. 39, we had to consider the sufficiency of the description in a no lien contract between the owner and general contractor. In disposing of that question, our Brother HENDERSON pointed out that as the statute specified no form of description in such a case, a court should be led to conclude that a description sufficient to satisfy the requirements of the statute in regard to the lien itself ought to be adequate in a contract like the one then in question, and that necessarily led the court to a consideration of the eleventh section of the act of 1905 herein quoted. On that subject, we said: "Whether in a particular instance the description meets the requirements of the statute is ordinarily a question for the jury. If there is enough set forth as to the situation and other peculiarities of the building to identify it, the demands of the statute are met." The opinion then proceeds to quote from and follow the Supreme Court cases hereinbefore cited.

In the present case the lien as filed set forth that it was "for work done and material furnished in and about the erection and construction of a two-story brick building and against the building and ground covered thereby," etc. Later on the lien continues, "The said building is located on a lot or piece of ground situate in the borough of Old Forge, bounded northwest by Albion street, north by lands of H. H. Winters, southeast by lot No. 4, being 50 ft. in front and 150 feet in depth. Conveyed to Mary Mora by E. M. Smith et ux by deed of November 25, 1893, recorded in Deed Book No. 106, page 382." So far as the description of the curtilage is concerned, certainly this would meet the demands of the most exacting conveyancer. There could be no difficulty whatever in identifying and locating the land described on which the building was said to be situate. If it should appear upon the trial that there were several two-story brick buildings on the lot described, a serious question might arise as to

the sufficiency of the description in the original lien to satisfy the statutory purpose. If, on the other hand, there should be but a single building on the lot described, how could it be successfully contended that the description was lacking in any essential necessary for the purpose of identification?

The claimant later on filed his petition for leave to amend his lien in certain respects, and among them in respect to the description of the building itself. There was no change in the locality or in the description of the lot on which the building stood. The amendment set forth that the two-story building was partly of stone and partly of brick, roofed with slate, with plastered walls, certain kinds of floors, etc. In a word, a precise and detailed description of what had been more generally stated in the original lien as a two-story brick building. It certainly did not affirmatively appear, when a motion was made to strike off the lien and the claimant asked leave to thus amend it, that he was substituting an entirely different property from the one described in the original lien. We cannot see, therefore, how, in harmony with the decisions we have quoted, the learned judge below could properly conclude, as a matter of law, that the amendment sought to be made was within the prohibition of the statute. If upon a trial such facts should appear as would raise a reasonable doubt as to the identification of the building described in the original lien, there might arise a question for the jury under proper instructions from the court.

In view of the language of the statute, of the long established policy of the courts in liberally construing legislation permitting amendments, of the fact that no intervening rights have arisen, after a careful consideration of the lien and proposed amendment, we are unable to escape the conclusion that the learned judge below fell into error in refusing to allow the amendment and in striking off the lien.

The order striking off the lien is reversed and set aside. The lien is reinstated, the amendment allowed and a procedendo awarded,