# Tiegel, Appellant, *v.* Love.

*Municipal liens—Paving—Description of property—Ejectment.*

In an action of ejectment where it appears that the defendant purchased the property involved, at a sheriff's sale under a judgment on a scire facias sur municipal lien for paving, the question whether the description of the property in the lien was a reasonable description as required by the Act of May 16, 1891, P..L. 69, is for the jury, where in the lien the premises were described as follows: "In the 35th ward in the City of Pittsburgh in the north side of Grandview avenue, at Singer Novick & Co.'s lot and then along the said Grandview avenue 178 feet and extending back 70 feet more or less," the lien averring that the work was on Grandview avenue from Oneida street to Republic street.

*Municipal liens—Scire facias—Service—Return.*

In an action of ejectment where it appears that the defendant purchased the property involved, at a sheriff's sale under a judgment on a scire facias sur municipal lien for paving, mere irregularities or omissions in the sheriff's return of the service of the scire facias, will be considered as cured by the judgment that was subsequently entered, unless the returns are in fact erroneous, or contrary to the express mandate of the law.

*Municipal liens—Service of scire facias—Act of May 16, 1891, P. L. 69, and May 8, 1901, P. L. 142.*

The Act of May 8, 1901, P. L. 142, did not repeal the Act of May 16, 1891, P. L. 69, in so far as it concerned the collection of municipal claims, the right of which had accrued prior to the Act of May 8, 1901.

*Municipal liens—Registered owner—Name of owner—Designation "Sr."*

The title to property passing under a sheriff's sale on a judgment rendered on a municipal lien, is not affected by the fact that the deed to the registered owner mentioned in the lien was to him as "Sr.," while the city registration described him by his name without any addition.

*Municipal liens — Reputed owner — Registered owner — Real owner.*

A city in filing a municipal lien for paving against property, performs its full duty in naming the registered owner as owner or reputed owner, although when the lien was filed the registered owner had no longer title in the property.

Argued April 14, 1915.   Appeal, No. 84, April T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., Dec. T., 1911, No. 381, on verdict for defendant in case of Karl F. Tiegel v. John B. Love.   Before RICE, P. J., OR-LADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Ejectment for land in the 35th ward of the City of Pittsburgh.   Before FORD, J.

Defendant's title was based upon a sheriff's sale under a judgment entered on a municipal lien for paving.

The municipal lien was as follows:

The City of Pittsburgh a corporation created by and existing under the laws of the Commonwealth of Pennsylvania, files this, its claim and lien against A. J. Kelly, owner or reputed owner, for the sum of seventy-nine 10-100 dollars with interest thereon from the 26th day of June, A. D. 1899, against all that certain lot or piece of ground situate in the 35th ward of the City of Pittsburgh, bounded and described as follows, to wit: Beginning on the north side of Grandview avenue at the corner of Singer Novick & Co.'s lot, thence along said Grandview avenue 178 feet and thence extending back 70 feet more or less.

The said sum of $79 10-100 with interest thereon from the date aforesaid is claimed to be due for grading, paving and curbing and sidewalk on Grandview avenue from Onedia street to Republic street authorized and directed to be made and done by ordinance of said city, approved the 15th day of July, A. D. 1895.

The said assessment for the improvement aforesaid was finally confirmed or made on the 27th day of May, A. D. 1899, by the Court of Common Pleas, No. 3, of

149, (1915).] Statement of Facts—Charge of Court below.

Allegheny County, Pennsylvania, at No. 276, May Term, 1897.

And the said City of Pittsburgh files this its claim or lien under and by virtue of an act of assembly of the said Commonwealth of Pennsylvania entitled "An Act creating and regulating municipal liens and the proceedings thereon, approved the 16th day of May, A. D. 1891, and by virtue of the ordinance of said City of Pittsburgh approved as aforesaid."

The court charged in part as follows:

The evidence showed that the deed to A. J. Kelley was to A. J. Kelley, Sr.

The sheriff's returns were as follows:

Sheriff's return to Sci. Fa.

"Nihil, So ans. Harvey A. Lowry, Sheriff."

Sheriff's return to Alias Sci. Fa.

"After diligent search and inquiry and not being able to find A. J. Kelley, atty, or agent, I did on the 16th day of October, 1901, post a true and attested copy of this writ on the within described premises. Nihil as to defendant also made publication as required by law in 3 newspapers published in the City of Pittsburgh, viz: the Pittsburgh Times, Pittsburgh Press & Volksblatt Frieheits Friend on Oct. 18-25 & Nov. 1. For proof of publication, see certificate attached to writ, 133 May, 1896, so answers Wm. C. McKinley, Sheriff."

The property in question in the controversy in this case is a piece of ground situate in what was formerly the thirty-fifth ward, and which is now the nineteenth ward, of the City of Pittsburgh. Originally it was marked and numbered as No. 5 in Shaler's plan of lots. Since the plotting of the property Grandview avenue has been opened, and a strip—I do not recall the width of the strip—but a strip has been added to the lot. I merely mention that as explaining why the measurements on the original plan may not be the same as the measurements on the plans that have been submitted to you. The lot is situate on the north side of Grandview avenue,

and at the easterly end of Republic street; or rather, at the place or point where Republic street and Grandview avenue meet. The lot as now plotted on the ground is about 179.60 feet on the north side of Grandview avenue, and about 70.58 feet extending in an easterly direction, being an extension of the west line of Republic street. [The only question for you to determine in this case is whether or not the description in the lien filed is a reasonable description of this property. The act of assembly under which this sale was had provides as follows:

"Said lien shall state the name of the party claimant (that is, state it in the lien), which shall be the city, borough, township or other municipal division of the State making such improvement, owner or reputed owner"—(That is not in dispute, at least for your consideration)—"and a reasonable description of the property."

The lien filed in this case describes the property as "beginning on the north side of Grandview avenue at the corner of Singer Novick & Company's lot, then along said Grandview avenue 178 feet, and thence extending back 70 feet more or less." The question for you to determine is not is this an accurate description. The question is: Is it a reasonable description, is it sufficient to identify the property? That is, would a person having this lien before him and knowing the surroundings, be able to identify this as the particular property covered by this lien? This same description follows throughout in the deed, and through the other papers in this case.] [Mr. Owens, the engineer called by the plaintiff, testified that he could not identify this property without extraneous evidence, as I recall his testimony. He explained that by extraneous evidence he meant that he would be required to go to the city department or to the recorder's office, or to some place where deeds and other conveyances are recorded, and from the data he there obtained he could identify the property. Now, if by identifying the property he meant he could not identify the lines of

149, (1915).]   Charge of Court below—Arguments.

the property—that is, the length of the lines and the length of the abutting properties, and all the minutiæ necessary—if that is what is meant, and that is for you to determine, that is not the character of a description that a lien must contain. All that a lien need contain is a reasonable description, so that the property can be identified; and if you find in this case that this description is reasonable, in the sense that it is sufficient to identify the particular property which is sought to be covered by the lien, then that is a sufficient description, it is a reasonable description, and your verdict ought to be for the defendant.]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings set forth in the opinion of the Superior Court.

*F. C. McGirr*, of *Marron & McGirr*, for appellant.— The description in this lien is not a reasonable description: McKeesport Boro. v. Busch, 166 Pa. 46; City of Scranton v. Jones, 133 Pa. 219; Allentown v. Hower, 93 Pa. 332; Mellon v. Davison, 123 Pa. 298; Connellsville Borough v. Gilmore, 15 W. N. C. 343; Kennedy v. House, 41 Pa. 39.

We claim that the service of the scire facias and alias scire facias in this case was so defective as to be no service at all, and consequently would not support the judgment entered on the lien in this case: Philadelphia v. Merz, 16 Pa. Superior Ct. 332; Ferguson v. Quinn, 123 Pa. 337; Eppy v. Rhodes, 12 D. R. 741; Green v. Green, 237 Pa. 71; Philadelphia v. Cooper, 212 Pa. 306; Simons v. Kern, 92 Pa. 455; Jones v. Beale, 217 Pa. 182.

*Charles A. Waldschmidt*, for appellee.—The description was sufficient: Philadelphia v. Thurlow, 5 Pa. Superior Ct. 601; Kennedy v. House, 41 Pa. 39; Schenley

v. Com., to use, 36 Pa. 64; Sheridan v. O'Conner, 57
Pgh. Leg. Journ. 265.

The judgment being entered on the scire facias as
entered, and the sale being had by the sheriff, cures any
defects that may be had in the lien, and would vest ab-
solutely good title in the purchaser: Emrick v. Dicken,
92 Pa. 78; Scranton v. Stokes, 28 Pa. Superior Ct. 434;
Philadelphia v. Mason, 37 Pa. Superior Ct. 478; White
v. Ballantine, 96 Pa. 186.

OPINION BY TREXLER, J., October 11, 1915:

This is an action of ejectment.  The verdict of the jury
was for the defendant.  Thomas M. Brown in 1892 con-
veyed to A. J. Kelley, Sr., all his interest and estate in
lands embraced by the boundary or location of Grand-
view avenue, Pittsburgh, and also all the land lying or
abutting on the north or northwest side of Grandview
avenue.  On the same day A. J. Kelley, Sr., gave a mort-
gage for the unpaid purchase-money and thereafter by
process duly issued on the mortgage, the sheriff sold the
property.  Thomas M. Brown purchased it.  He after-
wards conveyed the property to Karl F. Tiegel, the
plaintiff.  During the time A. J. Kelley, Sr., owned the
property it was duly registered in the Register's Divis-
ion, Bureau of Surveys, City of Pittsburgh, as property
of A. J. Kelley.  Brown's deed was never registered.  The
City of Pittsburgh thereafter graded, paved and curbed
the sidewalk on Grandview avenue and a lien was filed
against the property and Kelley, the registered owner,
was named as owner or reputed owner.  He was the
only person who appeared as owner of the property upon
the city records.  The city brought suit on the municipal
lien, obtained judgment, caused the property to be sold,
and John B. Love, the defendant purchased the prop-
erty at sheriff's sale in 1902.  Does he have a valid title
as against Brown's vendee?

(1) The first objection made by the plaintiff to de-
fendant's title is that the description in the lien was not

149, (1915).]            Opinion of the Court.

a reasonable description as required by the Act of May 16, 1891, P. L. 69. In the lien the premises are described as follows: "In the 35th ward of the City of Pittsburgh, on the north side of Grandview avenue at Singer Novick & Co.'s lot and thence along said Grandview avenue 178 feet and extending back 70 feet more or less." The lien contains an averment that it is filed for grading, paving and curbing the sidewalk on Grandview avenue from Oneida street to Republic street. The court left the question of the reasonableness of the description to the jury. He was not without authority for so doing: Cribbs v. McDowell, 48 Pa. Superior Ct. 39; McClintock v. Rush, 63 Pa. 203; May v. Mora, 50 Pa. Superior Ct. 359. In these cases the question of the sufficiency of a description in a mechanic's lien was left to the jury. In Shenly v. Com., 36 Pa. 64, a case of a municipal lien, the same question was left to the jury. We are of the opinion that the description contained in the lien is sufficient to allow the verdict of the jury, declaring it to be a reasonable description to stand. The description is not so faulty as to require the court, as a matter of law, to declare it insufficient.

(2) The next question arises as to the scire facias issued on the lien. The first scire facias was returned by the sheriff "nihil," and alias being issued, the return was made, "after diligent search and inquiry and not being able to find A. J. Kelley, att'y, or agent, I did on the 16th day of October, 1901, post a true and attested copy of this writ on the within described premises, nihil as to the defendant." Then follows the declaration of the sheriff that he had made publication as required by law. The Act of May 16, 1891, P. L. 69, under which the several writs were issued provides that "said writ of scire facias shall be made returnable to the monthly or other return days in the respective courts and shall be served upon the owner or reputed owner personally, or by leaving a copy thereof, duly attested, with an adult member of his family, at his dwelling house, at least ten days before

the return day thereof. If the owner of the property cannot be found, or has no dwelling within the county in which the property lies, the sheriff shall thereupon return the said writ "nihil," and thereupon an alias scire facias may issue, which shall be served by notice posted upon the premises, stating the substance of the writ, at least ten days prior to the return day, and also by advertisement in at least two newspapers published in the county in which the premises are located, and nearest thereto, once a week for three successive weeks." The return of the sheriff to the first writ was a compliance with the letter of the act. He returned it "nihil." He did not state the fact that he had been unable to find the defendant within the county or that the defendant had no residence within the county. Upon the alias scire facias, he returned that he had not found the defendant but he omitted to state that the bills posted upon the premises contained the substance of the writ. He also neglected to give the year in which the advertisements were inserted but gave the days and the months. As to the latter objection, we do not think there can be any doubt as to the year in which the advertisements appeared. It certainly is not a violent presumption to conclude that the dates occurred between the issuing of the writ and the return of the same, so that we think there is nothing in this objection. The other objections are more serious but we do not think that they require a reversal. It may be noted that neither of these returns are erroneous or contrary to the express mandate of the law. The only objection that can be made to either of them is that they do not recite the facts fully. Some details are omitted from the return which, according to the proper practice, should have been included. This presents quite a different question than if the return had been made contrary to the provisions of the act of assembly. They are mere irregularities or omissions such as in our opinion are cured by the judgment that was subsequently entered. The proceedings were in rem and no

149, (1915).]          Opinion of the Court.

one was entitled to any notice except the registered owner. It is not claimed that there is any defense on the merits: Delaney v. Gault, 30 Pa. 63; Emerick v. Dicken, 92 Pa. 78. A scire facias on a municipal claim is a proceeding in rem, and a sheriff's sale under a judgment obtained thereon passes title to the purchaser whether the real owner is named or not. The purchaser in such case is not bound to show that the acts of assembly have been strictly complied with: he is protected by the judgment, as pointed out in Emrick v. Dicken, supra. A defense urged directly against the city as was the case in Wistar v. Philadelphia, 86 Pa. 215, presents an entirely different question from the case of a sheriff's vendee who has paid his money upon the faith of a judicial sale.

(3) The contention of the plaintiff that the Act of May 8, 1901, P. L. 142, repealed the Act of May 16, 1891, P. L. 69, and that the latter act thus provides the method of service of the alias scire facias which was issued after the passage of the latter act is not tenable. As pointed out by RICE, P. J., in Philadelphia v. Mason, 37 Pa. Superior Ct. 478, it is, "a fair conclusion from the language of the act (1901) that notwithstanding its repealing clauses, it was not intended to repeal the Act of 1891 so far as applied to the collection of claims, the right of which accrued before the Act of 1901." See also Scranton v. Stokes, 28 Pa. Superior Ct. 434.

(4) It will be noticed that the deed of A. J. Kelley designated him as senior, and the city registration described him as A. J. Kelley without any addition. This is not a variance of any import. The designation Sr. or Jr. is usually only temporary and descriptive of the person and forms no part of the name: Coit v. Starkweather, 8 Conn. 289; Kincaid v. Howe, 10 Mass. 203; 29 Cyc. 267.

In conclusion the City of Pittsburgh when it constructed the sidewalk along Grandview avenue, acquired a right to file a lien for the cost of the same, if not paid, against the respective properties. The claim was not a

personal claim against the respective owners but was purely a proceeding in rem against the different properties. In ascertaining who the owner of the property was, the only reference required by the city was to its bureau of registration of property and when it found A. J. Kelly to be the registered owner although he no longer had title, it fulfilled all the requirements of the Act of Feb. 27, 1871, P. L. 126, in this respect when it filed its lien against the property and named him as owner or reputed owner. As the verdict settled the matter that the description in the lien was sufficient to identify the property, the purchaser at the municipal tax sale obtained a good title and we see nothing in the case that calls for a reversal.

The assignments of error are overruled and judgment affirmed.