## Albert *v.* Gurelnick et ux., Appellants.

Argued September 28, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Edward Unterberger,* for appellants.

*Leopold Mamolen,* for appellee.

OPINION BY ARNOLD, J., January 14, 1949:

On a scire facias sur mechanic's claim tried before the court without a jury there was judgment for the plaintiff and defendants appeal.

Plaintiff had a contract directly with the defendants, as owners, to make alterations and improvements in their dwelling house for $2,400. The claim filed allowed defendants credit with $800 paid thereon, leaving a net claim of $1,600. The affidavit of defense, inter alia, set up cash payments of $1,400 instead of $800. The claim was filed April 17, the affidavit of defense on May 9, and the trial was on June 11, less than two months after filing of the claim.

At the beginning of the trial plaintiff moved for and was allowed an amendment to the effect that the defendants had precluded plaintiff from carrying out his contract; that certain items had been subcontracted; and that defendants were entitled to credit in the sum of $730 for the cost of the work not performed. Plaintiff's claim then stood at $870. The amendment was properly allowed under § 51 of the Mechanics' Lien Act, 49 PS § 243. See also *Kantor v. Herd et al.,* 276 Pa. 519, 523, 120 A. 450; *May v. Mora,* 50 Pa. Superior Ct. 359, 365; *Thirsk v. Evans,* 211 Pa. 239, 243, 244, 60 A. 726.

Appellants contend that the amendment "shows that the claim was intentionally filed for a grossly excessive amount, [which] shall wholly defeat the claim. . . .": Section 36 of the Mechanics' Lien Act, 49 PS § 157.

We agree with the trial judge that the question of whether the claim was "intentionally filed for a grossly excessive amount" must be determined under the facts and circumstances of the case. The court below well said: "But the evidence did not disclose that the amount of the claim as filed was a fraudulent overstatement of defendants' debt to plaintiff. It was not unreasonable or exorbitant, but within the terms of the contract. There was no evident intention upon plaintiff's part to oppress defendants. The claim was filed only after plaintiff had been prevented by defendants from entering the premises to complete the work. . . . He did not know at that time the amounts due his subcontractors, and . . . to protect himself and them, it was necessary for him to act quickly. . . . When plaintiff had ascertained the extent of his liability to his subcontractors, he voluntarily amended the amount of his claim by giving credit for the work not performed . . . there was no undue delay by plaintiff. Defendants were not misled or prejudiced in any way. Therefore, plaintiff's claim was not wholly defeated but only pro tanto as provided in the statute. Besides, the question of whether a claim was intentionally filed for a grossly excessive amount is one of fact to be determined at the close of the evidence. . . ." Here there was no element of overreaching, fraud, imposition or lack of good faith; nor any evidence of harm or prejudice to the defendants.

It is contended that the lien and judgment included a profit to the claimant, particularly concerning the elements of credit for the work subcontracted and not performed. But neither the plaintiff's claim nor the evidence shows that there was a profit either on the contract as a whole or upon the items subcontracted. The method of proof here is substantially similar to that in *Murphy v. Bear*, 240 Pa. 448, 451, 87 A. 854, where the Supreme Court said: "This method of proof cannot properly be said to have included profit on labor and

material not furnished; on the contrary it merely made out a claim for labor and materials furnished, valued in accordance with a standard fixed by the parties themselves, i. e., the contract price." This branch of the case is not ruled by *Dyer v. Wallace*, 264 Pa. 169, 107 A. 754, where the claim was by an architect for unliquidated damages for breach of contract, i. e., commissions for supervision unperformed.

The court below found that there was no default by the plaintiff; but that defendant-owners intentionally breached the contract, locked the plaintiff out of the building, and refused to make payments on the contract as they had agreed. The case was well and carefully tried and the court's opinion amply justifies the result.

Judgment affirmed.