**Shollenberger v. Rickman (No. 2)**

*Henry Clay McCormick* of *Furst, McCormick, Muir & Lynn,* for plaintiff.

*Joseph P. Keliher* and *Robert C. Wise,* for defendant.

WILLIAMS, J., April 29, 1950.—Plaintiff architect has filed a mechanic's lien, alleging there is $7,500 due under a contract in which he was to plan and supervise a building for defendant.

The contract appertaining to the work of plaintiff reads as follows:

"The Architect's Services.—The Architect's professional services consist of the necessary conferences, the preparation of preliminary studies, working drawings, specifications, large scale and full size detail drawings; the drafting of forms of proposals and contracts; the

issuance of certificates of payment; the keeping of accounts, the general administration of the business and supervision of the work."

Defendant filed preliminary objections alleging, among other matters, that there was nothing in the contract to show anything due other than the $6,000 which plaintiff's claim alleged.

For the reason that there was no estimate of the cost of the work upon which the claim was based, plaintiff was given leave to amend the claim.*

Plaintiff, pursuant to the Act of June 4, 1901, P. L. 431, sec. 51, filed a petition for leave to file an amended claim for mechanic's lien as well as an amended claim. Defendant filed a petition for rule to strike off the amended claim on the ground that the amended claim for mechanic's lien was not filed within the statutory period.

The question now to be decided is whether or not plaintiff may amend the mechanic's lien to show the total cost of the work done after the statutory period for filing a mechanic's lien has expired.

Under the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended by the Act of April 17, 1905, P. L. 172, a claim is sufficient which avers: (1) The name of claimant and owner; (2) the amount claimed, the nature of the work and the materials furnished and the time when furnished, and (3) fully describes the locality of employment: Russell M. Howe, Inc., v. Beloff et al., 162 Pa. Superior Ct. 33.

Defendant contends that since the claim did not contain the total cost of the work the lien was fatally defective and cannot be amended although the amount of the claim, $7,500, was specifically stated. With this we cannot agree. That amendments are permitted after the statutory period for filing the lien has long

---

* 78 D. & C. 459.

been the law: Thirsk v. Evans, 211 Pa. 239. In the Thirsk case Mr. Justice Elking said:

"Section fifty-one of said act (Act of June 4, 1901, P. L. 431) expressly authorizes amendments in very general terms, and provides, inter alia, 'Such amendment shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim, or a wholly different party as the defendant with whom the claimant contracted.' . . . There is no limitation as to the time of making amendments, and the reasonable presumption is the act intended that proper amendments can be made at any time during the existence of the lien or course of the trial."

In May v. Mora, 50 Pa. Superior Ct. 359, the court said it was the "long established policy of the Courts in liberally construing legislation permitting amendments. . . ."

All of the requisite elements of a valid claim have been set forth, the amount claimed has been stated, and it is only the method of arriving at the sum of $7,500 that we are concerned with.

The controlling factor as to whether an amendment should be allowed depends on whether the amendment, if granted, changes the basis of the claim. It is difficult to see where an omission of the cost of the building affects the basis or the merits of the claim: Meehan v. Hollister, 5 Schuyl. Reg. 326. It would seem more that the amendment merely amplifies the original statement and is not inconsistent with the lien as filed.

In Albert v. Gurelnick et ux., 164 Pa. Superior Ct. 204, the court permitted claimant to amend his claim from $1,400 to $870, giving defendants a credit for

$730 for the cost of work not performed. In the instant case the amount claimed remains the same.

Defendants rely strongly upon Dyer v. Wallace, 264 Pa. 169. An examination of that case reveals that the court refused the amendment because the affidavit to the petition failed to state that the averments in the petition are true in fact, or that there was any mistake in the original claim. Such would not seem to be the case here. The affidavit specifically states what was omitted in the Dyer case and was the basis for refusing the amendment of the mechanic's lien.

The rule issued March 23, 1950, with stay of proceedings, is dismissed.