Burke *v.* Washington National Insurance Company, Appellant.

Argued November 12, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

598

*George H. Detweiler,* for appellant.

*C. James Todaro,* for appellee.

OPINION BY KELLER, P. J., January 29, 1937:

This was an action of assumpsit on a policy of insurance issued by the defendant insurance company, in connection with a subscription to a Philadelphia newspaper. The policy was dated January 1, 1934 and insured Marshall Burke against, inter alia, accidental death resulting from the wrecking or disablement of an automobile truck used for the transportation of merchandise, driven by him. The beneficiary named in the policy, in case of the assured's death as above, was his wife, Bertha Burke, this plaintiff. The policy called for the payment of a monthly premium of ten cents.

On July 12, 1934, while driving a meat truck for his employer, near Principio, Maryland, the assured, Marshall Burke, was killed instantly in a collision with another automobile. The plaintiff gave the insurance company prompt notice of his accidental death as aforesaid, and furnished proofs of death, establishing the above facts, on blanks furnished by the company. In one of the affidavits forming part of the proofs of death, the assured's name was given as Marshall Burkes; in another, Marshall Burkes, Jr., but in this one, his children were stated to be Marshall Burke, seven years old, Robert Burke, three years old, Reana Burke, two years old and Jeanette Burke, six months old. In two other affidavits his name was given as Marshall Burke, Jr. On January 5, 1935 the insurance company returned the policy to the plaintiff by letter addressed to Mrs. Bertha Burke, at 2003 Reed Street, Philadelphia,— which was the assured's residence at the time of his death—and informed her that it had been forced to reject the claim "because of the fact that your husband's policy was not in force at the time of his fatal

accident." It raised no question as to any apparent variance between the assured's name as stated in the policy and as given in the proofs of death.

The plaintiff on January 29, 1935 brought this action on the policy and filed a statement in which it was mistakenly averred that her husband, the assured, had died at Philadelphia on July 12, 1934, as a result of a collision while driving an automobile truck; she averred that the stipulated premiums had been paid by the assured who had performed all things required of him under the policy and that she had furnished the defendant with notice and proof of the assured's death on blanks furnished by the company in accordance with the terms of the policy.

The affidavit of defense admitted the issuance of the policy but denied that Marshall Burke the assured had died at Philadelphia on July 12, 1934, and that the stipulated premiums had been paid on July 1, 1934, as a result of which it averred that the policy was not in force on July 12, 1934, and it denied that proofs of the death of Marshall Burke had been furnished in accordance with the terms of the policy. In the light of the proofs furnished it can be seen that the affidavit was disingenuous and evasive.

The case came to trial before Judge TUMOLILLO, without a jury. The plaintiff produced the policy, proved that she was the assured's common law wife; that she had paid seventy cents in premiums keeping the policy in force to August 1, 1934; produced evidence of his accidental death by the wrecking of the truck he was driving at Principio, Maryland, on July 12, 1934, the bringing of his body to Philadelphia and its being sent to South Carolina for burial. She testified that the assured was known as Marshall Burke, Marshall Burke, Jr. and Marshall Burkes.

The defendant company offered no evidence in denial of the issuance of the policy, the payment of the pre-

miums which kept it in force on July 12, 1934, or the accidental death of the assured as a result of a collision wrecking the automobile truck which he was driving, near Principio, Maryland, on July 12, 1934. It made no defense on the merits, but offered the proofs of death, furnished by the plaintiff, in evidence generally. It presented a point calling for a finding and judgment in its favor, based on (1) a variance between the allegata and probata, in that the statement averred the assured's death in Philadelphia while the proofs of death and the evidence on the trial showed that it occurred near Principio, Maryland; (2) because the proofs of death furnished the defendant had been of Marshall Burkes, or Marshall Burke, Jr., and not of Marshall Burke.

The trial judge very properly refused the point and entered a finding for the plaintiff, on which judgment was entered for $555. Defendant appealed.

(1) The variance was not material. There was no reasonable doubt that the assured, while driving an automobile truck near Principio, Maryland, had collided with another automobile which wrecked his truck and caused his instant death. Where he died was not material in the circumstances here present and the erroneous averment in the plaintiff's statement with reference to it was mere surplusage. The defendant had full information as to the circumstances of the collision and death of the assured and could not have been misled: *Stegmaier v. Keystone Coal Co.*, 225 Pa. 221, 74 A. 58; *Tarentum Lumber Co. v. Marvin*, 61 Pa. Superior Ct. 294.

(2) Nor is there any merit in the other matter of defense. As the trial judge well stated, the identity of the deceased was established beyond any doubt. It was, in effect, admitted by the defendant in the letter before referred to, which rejected the claim "because of the fact that your husband's policy was not in force at the

time of his fatal accident". The present action is not governed by cases involving the indexing of liens, or the entering of a judgment or mortgage against the owner of real estate under a different name from that in the deed. If the assured was killed in an accident of the kind insured against, his beneficiary was entitled to recover, although he was variously known as Marshall Burke, Marshall Burke, Jr., Marshall Burkes and Marshall Burkes, Jr. The suffix, Jr., is not a part of one's surname and it is not usually a part of the Christian, baptismal or given name. It is usually assumed to distinguish the person from his father of the same name, and its use or non-use in a policy of insurance is immaterial, if the identity is established. The defendant, in this case, could have had no reasonable doubt of the assured's identity.

Nor was the plaintiff obliged to amend her statement in these particulars and run the risk of an unjustified affidavit of surprise and a motion for continuance with costs. No substantial ground of defense was presented at the trial and technicalities of this kind *(Moritz v. Melhorn,* 13 Pa. 331; *Jones's Est.,* 27 Pa. 336, 337) should not be allowed to delay or defeat recovery of a just claim on an insurance policy.

Matters not raised by the appellant in the court below on its motion for judgment will not be considered here.

The judgment is affirmed.