## Valvoline Oil Co. v. Banes

*Thomas Hallman,* for plaintiff.
*F. Kenneth Moore,* for defendant.

DANNEHOWER, J., April 16, 1941.—This is an action of assumpsit brought by the Valvoline Oil Company, a corporation, against J. W. Banes, to recover the sum of $569.95, with interest, on a book account for oil products allegedly sold to defendant. To the statement of claim,

defendant has filed an affidavit of defense raising questions of law under section 20 of the Practice Act of May 14, 1915, P. L. 483, in which he avers that the statement of claim is not consistent in that it charges defendant with the entire amount of the claim while the invoices attached to the statement and made a part thereof show that defendant had been sold and charged with only $30.19 worth of merchandise and defendant's son, J. W. Banes, Jr., is charged with $539.76 worth of merchandise. Defendant further alleges that the parties are two different debtors, that there are two different accounts, but that the statement of claim charges defendant with the entire amount.

We are of the opinion that the questions of law must be decided against defendant. The suffix "Jr." is not a part of one's surname, and it is not usually a part of the Christian, baptismal, or given name. It is usually assumed to distinguish the person from his father of the same name: Burke v. Washington National Insurance Co., 124 Pa. Superior Ct. 597, 601 (1937). The word "Junior", "Jr.", or words of similar import are ordinarily mere matters of description, and form no part of a person's legal "name", and to omit or add such appellation or cognomen is harmless error, both in civil and in criminal proceeding: Windom v. State, 44 Tex. C. R. 514, 72 S. W. 193, 194 (1903). And see Tiegel v. Love, 61 Pa. Superior Ct. 149, 157 (1915). Hence, the abbreviation "Jr." may be regarded as surplusage and will not constitute a variance. In Reichley v. Mellott, 13 D. & C. 164 (1929), it is stated (p. 165) :

"It has been ruled that the suffix 'Jr.' is not part of a man's name, and that where the only difference between two names is the addition of such a suffix, both names are presumed to refer to the same person until the contrary is affirmatively alleged and proved: 29 Cyc. 268".

To the same effect, see 45 C. J. 372. The use, or non-use, of such suffix is immaterial, if the identity is established.

And now, April 16, 1941, for the foregoing reasons, the questions of law raised by the affidavit of defense are decided in favor of plaintiff, and defendant is allowed 15 days from this date to file an affidavit of defense to the merits.