## Barger v. Snider

*Terry K. Wheeler,* for plaintiffs.
*W. Allen Dill,* for defendants.

ACKER, *P.J.,* September 30, 1988—This matter comes for consideration upon preliminary objections in the nature of a demurrer as to Raymond C. Snider and Bonnie L. Snider, parents of the operator, Raymond C. Snider, of the vehicle involved, and a motion to strike.

Defendants argue that plaintiffs have attempted to amend the writ of summons by adding a new party in the complaint, without court approval as required by Pa.R.C.P. 1033. The writ of summons lists Raymond C. Snider and Bonnie L. Snider as defendants. The complaint also named Raymond C. Snider, an adult, operated the motor vehicle owned by his parents, Raymond C. Snider and Bonnie L. Snider, so negligently that he caused injury to plaintiff, Danny Barger, a minor. Plaintiffs claim defendants substituted Raymond C. Snider Jr. for Raymond C. Snider Sr., as the driver of defendant automobile. The word "Jr." appears only in the return of service by the sheriff of Snyder County.

The writ of summons was filed on January 25, 1988, just within the two-year statute of limitations provided in negligence actions. Service of process was made on Raymond C. Snider Jr. at Penn's Creek, Snyder County, within 30 days of filing of the writ and is not challenged. The complaint was filed on February 17, 1988.

Defendants assert that the writ of summons names Raymond C. Snider and Bonnie L. Snider, who are the parents of Raymond C. Snider Jr., as defendants. It is asserted that plaintiffs attempted to amend the writ by joining Raymond C. Snider Jr. by referring to the father and son by the same name and by referring to the driver of the vehicle as Raymond C. Snider when in fact the driver was Raymond C. Snider Jr. In summary, it is defendants' contention that plaintiffs have attempted to amend the writ without obtaining leave of court as required by rule 1033 of the Pennsylvania Rules of Civil Procedure and therefore a motion to strike should be granted.

Our Superior Court held in *Burke v. Washington National Insurance Company,* 124 Pa. Super. 597,

601, 189 Atl. 507, 509 (1937) that the suffix Jr. is not part of one's surname and it is not usually part of the Christian, baptismal, or given name.

In *Tigel v. Love*, 61 Pa. Super. 149, 157 (1915), it was held the designation Sr. or Jr. is usually only temporary and descriptive of the person and forms no part of the name.

Whether the writ of summons named Raymond C. Snider or Raymond C. Snider Jr. is of no legal consequence in that:

"The suffix 'Jr.' forms no part of a person's legal name, but is assumed ordinarily to distinguish the person so designated from his father of the same name. The addition of the suffix 'Jr.' in the designation of a person's name in a pleading is harmless error which may be disregarded as surplusage, and its omission does not constitute a variance if the identity of the person so named is established." *Dean, Administratrix v. Marchelleta*, 63 D.&C. 82, 83 (1947) (quoting *Valvoline Oil Co. v. Banes*, 41 D.&C. 547, 548 (1941)). See also, *Reichley v. Mellott*, 13 D.&C. 164 (1929).

Pennsylvania cases are in accord with the majority of the jurisdictions throughout the United States according to the General Digest 65 C.J.S. §5 Names, at 8.

In the present case, the omission of "Jr." on the writ of summons was harmless error because the identity of defendant, Raymond C. Snider, was established. Service of process was only made upon Raymond C. Snider Jr. The complaint states that the action is brought against the driver of the vehicle, Raymond C. Snider, whose parents are Raymond C. Snider and Bonnie L. Snider. This unmistakenly refers to Raymond C. Snider Jr. Therefore, it was harmless error that the descriptive term "Jr." was omitted from defendant's name in the writ

of summons because defendant was clearly identified by the writ, service of process, and the complaint.

Defendants contend their demurrer should be granted since no negligence or agency is alleged in the complaint as to the parents, Raymond C. Snider and Bonnie L. Snider. Plaintiffs concede Bonnie L. Snider should be released from the suit but does not agree as to Raymond C. Snider, plaintiff's father. Assuming that Raymond C. Snider is a named party, we find both parents must be discharged.

By their brief, plaintiffs request that the complaint be dismissed as to Bonnie L. Snider since it is apparent that she is the mother, not the wife, of defendant Raymond C. Snider but asks that defendant's preliminary objections be dismissed in all other respects.

We find that the writ of summons naming Raymond C. Snider as a defendant refers to the alleged negligent driver, Raymond C. Snider Jr. and therefore deny defendants' motion to strike as to the driver of the vehicle, Raymond C. Snider, a/k/a Raymond C. Snider Jr. Plaintiffs need not and have not attempted to amend the original writ. Since the complaint sufficiently alleges a cause of action in negligence against Raymond C. Snider Jr., named as Raymond C. Snider, defendants' demurrer in that regard is denied.

We also find that the complaint alleges no cause of action in regard to Bonnie L. Snider and Raymond C. Snider Sr., and defendants' demurrer is granted as to defendants Raymond C. Snider Sr., and his wife, the mother of Raymond C. Snider Jr.

Hence this

## ORDER

And now, September 30, 1988, it is hereby ordered and decreed that defendants' motion to strike is granted as to defendant Bonnie L. Snider, but denied as to Raymond C. Snider a/k/a Raymond C. Snider Jr.

A demurrer is granted as to Bonnie L. Snider, and as to the father of defendant, Raymond C. Snider, in the event he is a properly named party to this action.